## FRANK E. McCANN v. DOREEN M. McCANN (11271)

PETERS, HEALEY, PARSKEY, SHEA and DALY, Js.

---

Argued June 8—decision released September 13, 1983

*Lloyd Frauenglass,* with whom, on the brief, was *Robert K. Wynne,* for the appellant (plaintiff).

*M. Jane Christensen,* for the appellee (defendant).

PETERS, J. The principal issue in this case is the extent to which alimony can be modified when an original award of alimony is limited to a specific period of time. When an original award does not unambiguously make its terms nonmodifiable, can a trial court, upon finding an unforeseeable substantial change in circumstances, substitute an order of periodic alimony in an amount that differs from that originally awarded?

The original action for dissolution of marriage in this case was brought by the plaintiff, Frank E. McCann, against the defendant, Doreen N. McCann. After finding that the marriage between the parties had broken

down and dividing the property owned by the parties, the trial court in that action ordered the plaintiff to pay the defendant $75 a week in alimony for a period of three years ending October 24, 1983. On October 22, 1981, about one year after the original judgment, the defendant filed a motion for modification of alimony, seeking an upward modification because of deterioration in her own health and improvement in the plaintiff's financial resources. The trial court, after a full hearing on the motion for modification, found that the plaintiff's higher earnings constituted an unforeseen and substantial change in circumstances that warranted modification of the alimony award. On this basis, the court ordered the plaintiff to pay the defendant weekly alimony in the amount of $115 until October 24, 1983, and in the amount of $50 thereafter. The plaintiff has appealed.

The plaintiff, in his appeal, does not dispute the underlying facts concerning his own financial resources or the defendant's needs. As the trial court found on the basis of the plaintiff's financial affidavits of September 4, 1980, and December 7, 1981, the plaintiff's gross salary increased by 35 percent and his net salary increased by 42 percent in a period of fifteen months. The defendant's needs arise out of her continuing but deteriorating physical condition. Since childhood, she has suffered from a degenerative lung condition diagnosed as severe chronic obstructive lung disease. This condition makes it impossible for the defendant to work and requires her to rely on expensive medication. At the original dissolution hearing, the defendant's financial affidavits indicated that, even after the plaintiff's payment of alimony, she would have an unmet need of $86.67 in paying her stated weekly

expenses.[1] At the time of the motion for modification, that unmet need had almost doubled.[2]

On this factual record, the trial court concluded that a motion for modification of the award of alimony should be granted. It determined that modification was not warranted for medical reasons because the defendant's unfortunate physical condition had existed prior to the dissolution hearing. It decided, however, that the dramatic increase in the plaintiff's earnings so far exceeded the prior evidence of regular salary increases as to constitute a substantial change of circumstances not contemplated at the time of the original decree. For the period until October 24, 1983, for which alimony had originally been ordered, the court increased the alimony award to $115 per week. Thereafter, the court ordered alimony of $50 per week.

The plaintiff's appeal raises three issues. He argues that the trial court erred in granting a motion for modification solely on the basis of the plaintiff's increased earnings. Even if some modification might otherwise be warranted, he maintains that the trial court failed to take into account the restrictive impact of the form of the original alimony order. Finally, he urges this court to establish guidelines to limit the scope of inquiry appropriate to hearings upon motions for modification of alimony. We find no error.

Our case law and our statute establish the ground rules that govern modification of periodic alimony. A party seeking modification must show "a substantial change in the circumstances *of either party,* occurring

---

[1] The defendant's financial affidavit of September 4, 1980, showed weekly expenses of $256.88. Deduction of her social security disability income of $95.21 and the plaintiff's alimony payment of $75 leaves an unmet need of $86.67.

[2] The defendant's financial affidavit of December 11, 1981, showed weekly expenses of $351.36, and total income, including alimony, of $180.91. These figures indicate an unmet need of $170.45.

subsequent to the entry of the original decree, and not contemplated by the parties at that time." (Emphasis added.) *Sanchione* v. *Sanchione,* 173 Conn. 397, 407, 378 A.2d 522 (1977); *Noce* v. *Noce,* 181 Conn. 145, 147, 434 A.2d 345 (1980); see General Statutes § 46b-86 (a).[3] Acting pursuant to these ground rules, the trial court found that the plaintiff's increased earnings constituted a substantial and unforeseen change in circumstances, a finding of fact that the plaintiff has not challenged. That finding is sufficient to justify reconsideration of a prior alimony order. *Hardisty* v. *Hardisty,* 183 Conn. 253, 258, 439 A.2d 307 (1981); *Grinold* v. *Grinold,* 172 Conn. 192, 195, 374 A.2d 172 (1976). Having once determined that a basis for modification existed, the trial court was then entitled to take account of the defendant's continuing need in fashioning its new alimony order, even if that need, because it was foreseeable and not substantially changed, would not have warranted modification in and of itself. See *Hardisty* v. *Hardisty,* supra, 258–61. We find no abuse of discretion in the trial court's conclusion that the change in the plaintiff's circumstances rendered the original order of alimony unfair and improper. *Noce* v. *Noce,* supra, 149.

The plaintiff does not take issue with the conclusion that our case law warrants affirmance of the order of the trial court. He argues, instead, that we should adopt the policy, reflected in the case law of other jurisdictions; see, e.g., *Cole* v. *Cole,* 44 Md. App. 435, 441, 409 A.2d 734 (1979); *Feves* v. *Feves,* 198 Or. 151, 163, 254 P.2d 694 (1953); that an increase in the income of the

---

[3] "[General Statutes] Sec. 46b-86. (Formerly Sec. 46-54). MODIFICATION OF ALIMONY OR SUPPORT ORDERS AND JUDGMENTS. (a) Unless and to the extent that the decree precludes modification, any final order for the periodic payment of permanent alimony or support or alimony or support pendente lite may at any time thereafter be continued, set aside, altered or modified by said court upon a showing of a substantial change in the circumstances of either party. This section shall not apply to assignments under section 46b-81 or to any assignment of the estate or a portion thereof of one party to the other party under prior law."

payor spouse is not a sufficient reason to increase an alimony award. A former spouse receiving alimony, he contends, has no continuing right to share in future accumulations of wealth by the paying spouse. Absent a showing of need, such a former spouse should not be provided with a lifetime profit-sharing plan. See Clark, Law of Domestic Relations (1968) § 14.9, p. 461. Whatever merits this contention might have in a case to which it was factually apposite, it is unpersuasive here in light of the defendant's unmet medical needs which were established at the time of the original decree and have increased since that time.

The plaintiff's second claim, insofar as it contests the trial court's authority to extend indefinitely his obligation to pay alimony, has become moot. This court has been informed that the defendant died on July 2, 1983.[4] We therefore need no longer determine whether the trial court was correct in extending alimony beyond the originally designated termination date of October 24, 1983.

The plaintiff's remaining argument relates to the scope of the inquiry that is appropriate once a trial court has determined that there has been a substantial change in the financial circumstances of either of the parties. Despite our repeated holdings that "the same criteria that determine an initial award of alimony and support are relevant to the question of modification"; *Hardisty* v. *Hardisty,* supra, 259; *Cummock* v. *Cummock,* 180 Conn. 218, 221–22, 429 A.2d 474 (1980); *Sanchione* v. *Sanchione,* supra, 401–402; the plaintiff urges that a modification hearing should not reconsider such matters as the plaintiff's fault in the marital breakdown in determining the present needs and resources of the parties. Insofar as the plaintiff questions the specific evidentiary posture of his modifica-

---

[4] The administratrix of the estate of Doreen M. McCann has duly been substituted as a party to replace the deceased defendant. See General Statutes § 52-599.

tion hearing, the claim is not properly here. He does not claim, and the record does not show, that the trial court in this case admitted into evidence matters irrelevant to the determination of the modification motion. Absent such a showing in the trial court, which is the first arbiter of relevancy, there is no reviewable claim here. We are unprepared to prejudge, as a matter of law, the considerations that a trial court may determine to be relevant in a modification hearing.

There is no error.

In this opinion the other judges concurred.