## ELAINE HOWAT *v.* ALLAN HOWAT
### (2318)

DANNEHY, C.P.J., HULL and DUPONT, Js.

Argued November 9, 1983—decision released March 20, 1984

*Donald C. Lunt,* for the appellant (defendant).

*Joel J. Rottner,* with whom, on the brief, was *Deborah L. Bradley,* for the appellee (plaintiff).

DUPONT, J. The issues raised on appeal[1] are (1) whether an increase in unallocated periodic alimony and support payments ordered after a hearing on a motion for modification was supported by proof of a substan-

---

[1] This appeal, originally filed in the Supreme Court, was transferred to this court. Public Acts, Spec. Sess., June, 1983, No. 83-29, § 2 (c).

tial change in circumstances since the entry of the judgment of dissolution of marriage; (2) whether the trial court erred in ordering the defendant to provide the plaintiff with financial and tax records of the defendant's corporation in which the plaintiff owned a fractional share; and (3) whether the trial court erred in ordering the defendant to pay the plaintiff's counsel fees.

The parties were married in 1963 and there were four minor children of the marriage at the time of the dissolution decree in 1979. The 1979 memorandum of decision by the trial court, *J. Shea, J.,* states that during the years 1973 through 1977 the defendant husband had an average annual income well in excess of $100,000 but that at the time of the dissolution he claimed to have a net annual income of only $42,852. The court further noted that the complexities of the defendant's business interests were such that it was "difficult to accurately determine the defendant's true financial status," because, among other reasons, there were "great discrepancies in financial affidavits filed by him for various purposes." The assets shown by the defendant at the time of the date of the dissolution judgment exceeded $294,000. The corporation upon which defendant's wealth was based, ADCO Manufacturing, Inc. (ADCO), enjoyed its financial success, according to the trial court, because of the contributions of both parties. The court awarded lump sum alimony and periodic alimony to the plaintiff and rendered various orders relative to child support. Although the plaintiff owned two shares of ADCO, the judgment of dissolution did not disturb that ownership. Shortly after the judgment, the defendant filed a motion to modify the judgment, seeking a transfer to him of the two shares. The trial court denied his motion, as well as a motion of the plaintiff seeking an order that the defendant purchase her shares at their appraised value.

The judgment, pursuant to a stipulation of the parties in 1980, was modified to increase periodic alimony. The motions for modification which are the subject of this appeal were filed in 1981 and sought a further increase in periodic alimony, counsel fees and financial information relating to ADCO. The trial court, *Barall, J.*, ordered the defendant to pay to the plaintiff an additional $200 per week in unallocated alimony and support payments and to pay counsel fees of the plaintiff in the amount of $2500. The court also ordered disclosure, upon the plaintiff's request, of all formal reports of ADCO, including but not limited to all filings which are required to be filed with the Internal Revenue Service, as well as any filings relating to pension and profit sharing plans. At the time of the hearing on the plaintiff's motion for modification, the defendant's financial affidavit showed assets of $552,000 and a net monthly income of $5330. At the time of the original judgment, the defendant's financial affidavit showed the defendant to have assets of $294,300 and a net monthly income of $3571.

I

The defendant claims that even if his earning capacity had increased significantly since the time of the original judgment and was unforeseen at the time, that fact, standing alone, is not such a substantial change of circumstance as would warrant an upward modification of the original award of periodic alimony.

General Statutes § 46b-86 (a), in pertinent part, provides that "any final order for the periodic payment of permanent alimony or support . . . may at any time thereafter be continued, set aside, altered or modified . . . upon a showing of a substantial change in the circumstances of either party." Decisional law has made it clear, however, that a substantial change in the circumstances of either party which would warrant

modification must be accompanied by facts indicating that the change in circumstances was not contemplated at the time of the entry of the original order and arose thereafter. *Grinold* v. *Grinold,* 172 Conn. 192, 195, 374 A.2d 172 (1976).

Three recent Connecticut cases have discussed the propriety of expanding periodic alimony awards by increasing their term or their amount, upon a motion for modification by the dependent spouse. These cases provide the standard for determining whether the trial court in this case abused its legal discretion or reached a finding without a reasonable basis in the facts. A trial court has broad discretion in making determinations in modification actions and every reasonable presumption should be made in favor of the rectitude of the judgment of the court. *Noce* v. *Noce,* 181 Conn. 145, 149, 434 A.2d 345 (1980).

In *Hardisty* v. *Hardisty,* 183 Conn. 253, 439 A.2d 307 (1981), the trial court's judgment which modified periodic alimony and child support payments by increasing them by a total of $130 per week was found not to be error. The supporting spouse claimed on appeal that it was error for the trial court to have concluded that the dependent spouse, the plaintiff, had shown a substantial and unforeseen change in circumstances of the defendant since the time of the original decree and that, therefore, the court had abused its discretion in modifying the periodic payment orders. The Supreme Court found that the substantial change in the circumstances of the defendant was that his gross income had nearly doubled and the value of his assets had quintupled. Such a change in the circumstances of one of the parties was found sufficient to allow the trial court to entertain a motion for upward modification. In determining whether the motion ought to be granted, the

trial court must review the same criteria as are determinative of an initial award of alimony and support.[2]

If at the time of a motion for modification there has been an uncontemplated substantial change in circumstances not present at the time of the original decree, such as a deterioration in the dependent spouse's health resulting in her inability to pay medical expenses, modification is proper. *McGuinness* v. *McGuinness*, 185 Conn. 7, 11, 440 A.2d 804 (1981). The court specifically did not rule upon whether the supporting spouse's substantial increase in income relative to the dependent spouse's income was another ground for modification of the original order. Neither did the court expressly state that a substantial change in the circumstances of one of the parties is the beginning point for an inquiry into whether modification is appropriate, nor does it cite *Hardisty*. Sub silentio, however, the decision establishes that a motion for upward modification may be entertained and granted where one of the parties has experienced a substantial change in circumstances, such as health, since health is one of the factors which could have been considered in rendering the original award.

*McCann* v. *McCann*, 191 Conn. 447, 464 A.2d 825 (1983), contains a hybrid fact situation of *McGuinness* and *Hardisty*. The modification sought was an extension of the time over which periodic alimony would be paid, as well as an increase in the weekly amount to

---

[2] Although the trial court was found not to have erred in granting "a relatively modest modification" in periodic alimony of $100 per week and support of one child in the amount of $30, there was error in increasing a support order for one child so that he might attend a private boarding school where the defendant believed that a private school education was unnecessary and no member of his family had ever attended private school. The error lay in the lack of a showing that, but for the divorce, the child would have attended a private school, and in the lack of findings that the defendant had ever agreed to private schooling or of the child's particular need for such an education.

be paid. It was undisputed that the supporting spouse had enjoyed a substantial increase in salary while the dependent spouse had suffered a deteriorating physical condition, necessitating increased medical expenditures. The trial court found that the physical condition had existed prior to, and at the time of, the original dissolution hearing and, therefore, could not be considered a substantial change in circumstances upon which a modification of periodic alimony could be based. It also found, however, that the dramatic increase in the supporting spouse's earnings was a substantial change of circumstances not contemplated at the time of the original decree which provided the basis for an increased award of periodic alimony. The Supreme Court, in finding no error by the trial court, unequivocally states that increased earnings of one of the parties constituted an unforeseen change of circumstances which justifies "reconsideration of a prior alimony order." Id., 451. Even if the need of the supported spouse was known at the time of the original decree and had not substantially changed, the court could consider that need in deciding whether to increase periodic alimony payments. The court does not conclude that a material beneficial change in the financial circumstances of one party will always justify an increase in a periodic award but does conclude that a significant betterment in the financial condition of one party, the supporting spouse, grants the trial court the opportunity to review the needs of the dependent spouse as they existed at the time of the original dissolution judgment. The court specifically does not decide whether a former spouse has a continuing right to share in the future good fortune of her former spouse but only concludes that on the facts of *McCann,* the supported spouse had unmet medical needs at the time of the original dissolution which warranted the trial court at a subsequent time to increase a periodic alimony award after a showing of a substantial increase in the earnings of

the supporting spouse. The court again reiterates the holding of *Hardisty* v. *Hardisty,* supra, that a modification hearing should apply the same criteria as used at the original dissolution hearing.

The present case establishes that the defendant's increased earnings and increased assets were substantial and significant, and constituted an unforeseen change of circumstances justifying a reconsideration by the trial court of the prior alimony and support orders. *McCann* v. *McCann,* supra. "Having once determined that a basis for modification existed, the trial court was then entitled to take account of the defendant's continuing need in fashioning its new alimony order, even if that need, because it was foreseeable and not substantially changed, would not have warranted modification in and of itself." *McCann* v. *McCann,* supra, 451. Thus, upon reconsideration, the trial court could, on the facts of the present case, reevaluate any unmet and continuing needs of the dependent wife and children which existed at the time of the original judgment, or it could reevaluate the existing award in terms of the present needs of the dependents, using the same criteria as required for an initial award of periodic alimony and support. Such criteria are the causes for the dissolution, the length of the marriage, the age, health, station, occupation, amount and sources of income, vocational skills, employability, estate, and needs of each of the parties. General Statutes § 46b-82.

Here, the plaintiff had earned $6000 in real estate commissions six months prior to the original dissolution, and was not earning anything at the time of the modification hearing. She had been a secretary sometime between 1963 and 1965, but did not wish to pursue employment as a secretary in 1981. The trial court found that, as of the date of the hearing, the plaintiff had sustained a substantial increase in the cost of utilities and in the cost of food, and that her earning capac-

ity had materially diminished. The trial court need not make a special individual finding as to each of the criteria which it could have considered. *Hardisty* v. *Hardisty,* supra, 261. On the basis of the entire record and transcript, it was not an abuse of discretion for the court to conclude that alimony and child support payments should be increased by $200 per week.

II

At the time of the decree of dissolution, the plaintiff owned two shares of stock in the defendant's corporation. The trial court which rendered the original judgment refused to order a transfer of the stock by the plaintiff to the defendant or to require the defendant to redeem them, and refused to order disclosure by the defendant to the plaintiff of the corporate tax returns. Subsequently, the defendant recapitalized his corporation, leaving the plaintiff with a fractional share of stock and no access to corporate data.

Upon the motion to modify the original judgment which is the subject of this appeal, the trial court ordered disclosure of financial and tax information relating to the corporation. The defendant argues that such an order is unauthorized by statute. The defendant cites *Viglione* v. *Viglione,* 171 Conn. 213, 368 A.2d 202 (1976), for the proposition that a final judgment arising out of a dissolution (divorce) cannot be modified except as to periodic alimony and child support. In *Viglione,* the defendant sought a termination of an order requiring him to furnish the plaintiff with copies of his tax returns. The Supreme Court held that the order ought to have been terminated because it related to periodic alimony payments which had terminated due to the plaintiff's remarriage. *Viglione* makes it clear that an order requiring financial disclosure may relate

to periodic alimony, and that when it does there is no statutory prohibition against an order requiring such disclosure.

Since the judicial philosophy of *McCann* v. *McCann,* supra, and *Hardisty* v. *Hardisty,* supra, is that a substantial increase of earnings is per se a material change in circumstances which triggers a review of periodic alimony awards, financial information relating to the supporting spouse is a necessary concomitant to the need of the dependent spouse to monitor such increases. Periodic alimony is usually paid from income and the plaintiff is entitled to know about fluctuations in income so long as she is the recipient of periodic alimony payments. The court did not err in ordering disclosure of financial and tax information relating to the corporation.

## III

The plaintiff sought and was awarded counsel fees in the amount of $2500 for the prosecution of her modification motions. In making an award for attorney's fees, the court must consider the respective financial abilities of the parties. General Statutes §§ 46b-62 and 46b-82; *Friedlander* v. *Friedlander,* 191 Conn. 81, 87, 463 A.2d 587 (1983); *Koizim* v. *Koizim,* 181 Conn. 492, 501, 435 A.2d 1030 (1980). The allowance and amount of counsel fees is left to the exercise of judicial discretion, and the availability of cash with which to pay the attorney's fees of the spouse claiming the allowance is not an absolute standard for denying an award. *Anderson* v. *Anderson,* 191 Conn. 46, 59, 463 A.2d 578 (1983). There was no abuse of discretion here, given the respective financial abilities of the parties and the statutory criteria to be heeded by the court.

There is no error.

In this opinion the other judges concurred.