## WILLIAM N. WINGERD *v.* MARY JANE WINGERD (2189)

HULL, SPALLONE and DALY, Js.

Argued December 5, 1984—decision released February 12, 1985

*William H. Clendenen, Jr.,* with whom, on the brief, was *David M. Lesser,* for the appellant (plaintiff).

*Donald C. Lunt,* for the appellee (defendant).

DALY, J. The plaintiff has appealed from the denial of his motion for modification of alimony.

The trial court found the following facts: On October 7, 1980, a judgment for dissolution was rendered whereby the plaintiff was to pay the defendant $175 per week as alimony in addition to a payment of $9000 within ten days of the judgment. On December 9, 1982, the plaintiff filed a motion to modify the alimony order based on a substantial change of circumstances in that his wife, the defendant, had received an inheritance from her father. Her assets had increased by approximately $156,000, while the plaintiff's assets had increased by approximately $47,000. Their respec-

tive weekly income and expenses were found to be within $5 to $8 of the other. Also, the plaintiff received additional perquisites from his employment, which include a mortgage subsidy, food, travel and vacation.

The plaintiff's motion, which sought a termination of alimony, was denied on the basis that while the circumstances had changed for each party, the changes were not substantial.

The plaintiff claims that the trial court erred in refusing to modify the judgment of alimony, in not finding a substantial change in circumstances, and in relying on the defendant's outdated financial affidavit.

The ground rules governing modification of periodic alimony are established by General Statutes § 46b-86 (a) and by our case law. "A party seeking modification must show 'a substantial change in the circumstances of either party, occurring subsequent to the entry of the original decree, and not contemplated by the parties at that time.' " *McCann* v. *McCann,* 191 Conn. 447, 450-51, 464 A.2d 825 (1983). A broad range of circumstances is relevant in deciding whether a decree may be modified. *Benson* v. *Benson,* 187 Conn. 380, 382, 446 A.2d 796 (1982). The party seeking modification of a support order must "clearly and definitely" demonstrate the substantial change. *Kelepecz* v. *Kelepecz,* 187 Conn. 537, 538, 447 A.2d 8 (1982). A substantial change in circumstances demonstrates that continued operation of the original order would be unfair and improper. *Noce* v. *Noce,* 181 Conn. 145, 149, 434 A.2d 345 (1980).

While the plaintiff has set forth, in figures, a strong case for a modification, the case was tried on the theory that alimony should be terminated completely. This is borne out by the final sentence of the memorandum of decision, which states: "Motion to terminate alimony denied." The trial court did not feel that continued operation of the original order would be unfair and

improper. "In these matters, as in other questions arising out of marital disputes, this court relies heavily on the exercise of sound discretion by the trial court." *Cummock* v. *Cummock,* 180 Conn. 218, 221, 429 A.2d 474 (1980). Trial courts have a distinct advantage over an appellate court in dealing with domestic relations, where all of the surrounding circumstances and the appearance and attitude of the parties are significant. *Hardisty* v. *Hardisty,* 183 Conn. 253, 260, 439 A.2d 307 (1981).

The trial court had a reasonable basis to assume that it was to decide whether to terminate alimony completely or not at all. The action of the trial court will not be disturbed unless it abused its legal discretion, and in determining this the unquestioned rule is that great weight is due to the action of the trial court and every reasonable presumption should be given in favor of its correctness. *Kelepecz* v. *Kelepecz,* supra, 538.

While there was a change in circumstances here, the trial court, within its discretion, could determine that it was not substantial enough to warrant a termination of alimony. The net worth of the parties is a question of fact for the trier. *Tobey* v. *Tobey,* 165 Conn. 742, 345 A.2d 21 (1974). The trier is the sole arbiter of what testimony is to be believed and what testimony is to be rejected. Holden & Daly, Connecticut Evidence (1966 & Sup. 1983) § 125 (a).

There is no error.

In this opinion the other judges concurred.