### ROSEMARIE FABIANO *v.* RALPH FABIANO (5160)

BORDEN, SPALLONE and BIELUCH, Js.

Submitted on briefs February 2—decision released April 14, 1987

*George R. Temple* filed a brief for the appellant (plaintiff).

*James R. Smith* and *Robert W. Smith* filed a brief for the appellee (defendant).

BORDEN, J. The principal issue of this appeal is whether the trial court erred by declining to modify the defendant's child support obligation to the plaintiff, where the defendant's assets had increased substantially as a result of a personal injury award. The plaintiff appeals, claiming that the court abused its discretion by failing to find that the increase in the defendant's assets constituted a substantial change in circumstances warranting a modification. We find error.

The marriage of the parties was dissolved in February, 1978. They have two children, now ages thirteen and eleven. At the time of the dissolution, the plaintiff, who was essentially unemployed, had net weekly income of approximately $15, expenses of approximately $160, assets of $100 and liabilities of approximately $1400. The defendant had net weekly income of $185, expenses of approximately $135, assets of $500, and liabilities of approximately $4900. The judgment of dissolution ordered no alimony to the plaintiff, who was expected to secure employment, and support of $40 per week for each child, for a total weekly child support obligation of the defendant of $80. In addition, the defendant was required to carry medical insurance for the children, and to pay for one half of their parochial school expenses.

In March, 1986, the plaintiff moved to modify the judgment on the basis of a claimed substantial change in the defendant's financial circumstances. The parties' financial affidavits and the testimony at the hearing disclosed the following facts. The plaintiff, who is now employed, has weekly net earnings of approximately

$189, exclusive of the child support of $80 which she receives from the defendant, and expenses of approximately $355. She has assets of approximately $2000, and liabilities of approximately $5000.

The defendant, who is a toolmaker, has a weekly net income of approximately $326,[1] and expenses of approximately $421. He had liabilities of approximately $4900. His assets had increased to $122,000. This amount constituted a personal injury award which he had received as a result of an automobile accident in 1980. He has a 30 percent disability of the back, had undergone surgery on his back twice, and expected to undergo a back fusion operation in the future.

Of the defendant's $122,000 in assets, $114,000 is liquid.[2] He has $74,000 in savings accounts. The defendant has committed $70,000 of that amount to the purchase of a home to be shared with his current wife. He also has $10,000 in securities in his name, and $30,000 in mutual funds in a trustee account for his children which he controls. There is no indication, however, that he has made an absolute gift of this fund to his children, and the indication is to the contrary, namely, that he continues to control the fund and could return it to his name if he so desired or the need arose. His affidavit does not disclose, however, any income yield from any of these liquid assets.

The trial court denied the plaintiff's motion. With respect to the parties' income and expenses, the court did not find any substantial change of circumstances which was not contemplated at the time of the dissolution. With respect to the defendant's increased assets,

---

[1] Although at the time of the hearing the defendant was out of work and receiving worker's compensation benefits, he expected to return to work within two weeks and stated his income according to what he expected to receive in wages when he returned to work.

[2] The remaining $8000 of assets is in the form of a 1985 car.

the court found no change of circumstances to warrant a modification because the assets were "not income that he has received" but "payment for damages to him, both to his earning ability and to physical injury to him."[3]

The plaintiff's first claim is that the court erred by finding that the defendant's substantially increased assets did not warrant modification. We agree.

We recognize that a party seeking modification of financial orders incident to a marital dissolution judgment must clearly and definitely establish an uncontemplated substantial change of the circumstances of either party which demonstrates that continuation of the prior order would be unfair and improper. *Wingerd* v. *Wingerd,* 3 Conn. App. 261, 262, 487 A.2d 212 (1985). We also recognize the well-established standard of review in this court of the trial court's actions in such matters. We do not substitute our judgment for that of the trial court. *Vanderlip* v. *Vanderlip,* 1 Conn. App. 158, 159, 468 A.2d 1253 (1984). Great weight is due the action of the trial court, which will not be disturbed unless the court has abused its discretion or its finding has no reasonable basis in the facts. *Rose* v. *Rose,* 10 Conn. App. 391, 393, 523 A.2d 914 (1987); *Wingerd* v. *Wingerd,* supra, 263. In this case, we conclude that the plaintiff did clearly and definitely establish an uncontemplated change in the defendant's circumstances, that continuation of the prior order would be unfair and improper, and that the trial court abused its discretion in denying the plaintiff's motion.

It is clear from this record that the increase in the defendant's assets from $519 in 1978 to $122,000 in

[3] The court also denied the plaintiff's request that the defendant be required to establish a separate trust for the benefit of the children, and to purchase a term life insurance policy in his life for their benefit. The plaintiff does not claim error on appeal as to these rulings.

1986 was not contemplated by the parties at the time of the dissolution. It is also clear that such an increase can only be characterized as substantial for persons of modest means as indicated in this record.[4] This showing of a substantial increase in the defendant's assets, which was not contemplated by the parties, was "a significant betterment in the financial condition of one party, the supporting [parent]"; *Howat* v. *Howat,* 1 Conn. App. 400, 405, 472 A.2d 799 (1984); and demonstrated that "the defendant's increased . . . assets were substantial and significant, and constituted an unforeseen change of circumstances justifying a reconsideration by the trial court of the prior . . . support orders." Id., 406.

Moreover, the figures presented to the trial court certainly constitute a preliminary showing that continuation of the prior order of support would be unfair and improper. The plaintiff was subsisting on a total of approximately $269, including the $80 per week child support received from the defendant. Out of that she was providing food, shelter, clothing, unreimbursed medical expenses, and other incidental living expenses for the parties' children. The defendant, after paying the child support of $80 per week, is left with approximately $240 per week. This is almost as much for his own needs as the plaintiff and the two children are living on. This does not take into account, moreover, any income from the defendant's considerable liquid assets, which does not appear on his affidavit.

We are not persuaded, moreover, by the defendant's reliance on *Harlan* v. *Harlan,* 5 Conn. App. 355, 498 A.2d 129 (1985). In that case, the change of circumstances, namely, the defendant's increased earnings,

---

[4] Even if we were to deduct from the defendant's $122,000 the $70,000 which he had committed to purchase a home, and the $8000 for his car, he would show an increase in remaining liquid assets of $43,500 over a base of $500.

were found not to be outside the contemplation of the parties at the time of the dissolution. No such claim can be made in this case. Furthermore, to the extent that the change of circumstances in *Harlan* supports a reading of that case beyond the principle that the change must not have been contemplated, we are constrained to limit *Harlan* as precedent to its facts.

This leaves for consideration the trial court's rationale for disregarding the defendant's increase in assets, namely, that the assets constituted compensation for his diminished earning capacity and physical injuries. We note, first, that the trial court found that the defendant's earning capacity had been diminished by the injuries occasioned by his automobile accident. There is, however, no evidence in this record of diminished earning capacity.[5] There was evidence that he suffered a 30 percent disability of his back, and that he was a toolmaker, an occupation which obviously requires physical exertion. That disability, in and of itself, however, does not mean that, at least for the present, he is capable of earning less money at his trade than he would without that disability. Thus, this finding of the trial court "has no reasonable basis in the facts." See *Wingerd* v. *Wingerd,* supra.

The other prong of the trial court's rationale is that the personal injury award represented compensation to the defendant for his physical injuries. While that may be true, it does not mean that such an award is precluded from consideration as part of the sources of income and estate; see General Statutes § 46b-84; of the recipient of the award, which factors are to be considered upon a motion for modification of support. *Howat* v. *Howat,* supra, 403–404. In this regard, we

---

[5] In this connection, we cannot overlook the fact that, although the defendant showed liquid assets of $114,000 in savings accounts, securities and mutual funds, on his financial affidavit, he indicated no return on those assets. This is hardly possible.

agree with the reasoning of the Court of Appeals of Wisconsin in a closely analogous case. "That damages are intended to make a person whole does not guarantee that the person is in precisely the same economic condition as he or she was before the accident; only some sort of financial accounting can determine that. . . . . [W]hether a personal injury recovery does indeed improve a victim's economic condition for child support purposes will not always be easy or obvious. There are times, of course, when the victim has suffered actual economic impairment as a result of the tortfeasor's negligence, and the award is merely repaying the victim for the actual economic impairment. If so, the award may truly make the victim economically whole again and nothing more; no increase in economic circumstances results. These questions of fact must be carefully considered by the trial court in order to do justice to both the noncustodial parent and to the children." *Sommer* v. *Sommer,* 108 Wis. 2d 586, 591–92, 323 N.W. 2d 144 (1982).

It is true that this record is bereft of any indication of the extent to which the defendant's damage award simply made him economically whole or improved his economic condition. It is also true that the party seeking a modification has the burden to establish its basis. *Sweeny* v. *Sweeny,* 9 Conn. App. 498, 505, 519 A.2d 1237 (1987). In this case, however, we believe that the plaintiff carried her burden sufficiently by establishing the substantial increase in the defendant's assets which were not contemplated at the time of the dissolution. To the extent that it is demonstrable, whether the defendant's award represented an economic betterment or merely compensation for an economic impairment is information which was more readily within the defendant's ken than the plaintiff's. Thus, that is a factor on which he should bear the burden of persuasion. See *Albert Mendel & Son, Inc.* v. *Krogh,* 4 Conn. App. 117, 124–25, 492 A.2d 536 (1985).

The plaintiff also claims error in the denial by the trial court of her request for attorney's fees in connection with her motion for modification. We agree.

"In making an award for attorney's fees, the court must consider the respective financial abilities of the parties. General Statutes §§ 46b-62 and 46b-82; *Friedlander* v. *Friedlander*, 191 Conn. 81, 87, 463 A.2d 587 (1983); *Koizim* v. *Koizim*, 181 Conn. 492, 501, 435 A.2d 1030 (1980). The allowance and amount of counsel fees is left to the exercise of judicial discretion, and the availability of cash with which to pay the attorney's fees of the spouse claiming the allowances is not an absolute standard for denying an award." *Howat* v. *Howat*, supra, 408.

In this case, we have already determined that the substantial change in the defendant's financial circumstances warranted an upward modification. The plaintiff's financial affidavit indicates total weekly income of approximately $269, and cash and savings of approximately $534. The defendant's affidavit indicates savings of $74,000, and securities and mutual funds in his control of $40,000. These grossly disparate financial conditions indicate that the trial court abused its discretion in denying the plaintiff's request for attorney's fees.

There is error, the order denying the plaintiff's motion for modification is set aside and the case is remanded for a new hearing on that motion and for an award of attorney's fees in connection with that motion.

In this opinion the other judges concurred.