[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR MODIFICATION OF CHILD SUPPORT
The parties were divorced by a judgment in this Court on May 8, 1989, (Barnet, J.) Their stipulation or agreement was incorporated in the judgment outlining the property settlement and child support order. Neither party was required to pay the other alimony. They agreed to joint custody of their two minor children, Shannon, age 3 and one-half, (born March 18, 1987) and Keith age two. (born October 26, 1988), with physical custody to the plaintiff wife and liberal visitation rights were given to the defendant husband. He agreed to pay her child support of $128.00 per week for each child, for a total weekly sum of $256.00.
The defendant husband's financial affidavit filed at the time of the divorce judgment, listed a gross weekly salary at $1,038.46, deductions of $399.31, for a net weekly income of $699.15. However, since the combined weekly income of these parties at that time was $1,365.21 and exceeds the support guidelines in P.A. 85-548, they do not apply. But, the defendant's child support order of $256 was less than one would pay under these guidelines for a person with his income.
The plaintiff wife's motion to modify this support order was heard on July 30, 1990, at which time both parties filed new financial affidavits, and both of them testified to explain the affidavits and the changes in their circumstances since the divorce judgment was entered. In August, 1989, about four months after the divorce, the defendant received a bonus from his employer of $22,673.00, which after deductions, amounted to $16,533.00. This bonus was not known at the time of the divorce, nor did the defendant list it as income in his second financial affidavit. Being an experienced accountant, with a background in tax and corporate finance, this omission is inexcusable. He also showed net rental income of $383.00 in his 1989 affidavit to increase his income, and then showed no rental income in 1990, CT Page 3016 without explaining on this second affidavit of what happened to this asset. At best, his affidavits are misleading.
The defendant testified that he expected another bonus in August of 1990. Therefore, the Court advised the parties that the decision on the motion would not be made until the defendant's attorney advised the Family Relations Office as to the amount of the bonus earned in 1990. On September 2d 1990, it was disclosed that he received a gross bonus of $22,600.00, after deductions, came to $16,600.00, almost the same amount as received in August of 1989.
The first bonus was about 22.5% more income in 1989 than he reported, and about 29% more than he reported in 1990. The court may now consider this bonus income in deciding this motion to modify. His net weekly salary in his 1990 affidavit is $810.34, in 1989 it was $699.15, giving him a weekly salary increase of $111.19 or $4,781.88 for the year.
The court has reviewed the unmet needs in the plaintiff's affidavits which she listed as $594.69 in 1989 and $424.91 in 1990.
The court will consider the unreported bonus income, the increased salary earned by the defendant in 1990, together with the plaintiff's unmet needs in reaching its decision on the motion.
The issue to be decided is whether this increased bonus income and salary constitute a substantial change in circumstances under Conn. Gen. Stat. 46b-86.
As of July 1, 1990, the statute provides that any child support order may be modified for any divorce judgments granted before or after July 1, 1990, upon showing a substantial change in circumstances, whether or not the change was contemplated at the time of the divorce. (P.A. 90-213).
This statute has been interpreted in numerous Connecticut cases. In McCann v. McCann, 191 Conn. 447 it was held that a substantial increase in earnings would per se allow the court to review a child support order.
A parent has a continuing duty to support a minor child, which may be modified to benefit the child whenever the court reviews the current circumstances and the needs of the child. It is to be noted that such duty existed at common law before Connecticut enacted any child support statute. Burke v, Burke,137 Conn. 74; Hardisty v. Hardisty, 183 Conn. 253; Richard v. Richard, 23 Conn. App. (August 20, 1990). Guille v. Guille, 196 Conn. 600; CT Page 3017
Based on the financial affidavits filed and the testimony of the parties, the court makes these findings:
1. The defendant's net annual bonus of $16,533.00 in 1989, and $16,600.00 in 1990, adds about 22% and 29% respectively to his yearly income, which the court had not known was available for child support at the time of the original support order.
2. The defendant's weekly net salary from employment was $699.15 in 1989, and increased to $810.34 per week in 1990, a total of $5,781.88 which is about 14% more in actual salary. The bonus of $15,600.00 and the salary increase of $5,781.88 gave the defendant a total increase of $22,381.88 for 1990. His net salary from employment in 1990 is $42,137.68, his net bonus was $16,600.00, for a total yearly income of $58,737.68.
3. That the plaintiff's unmet needs as custodial parent were $594.69 in 1989 and $426.91 in 1990 that the court shall consider in modifying the original order. Howat v. Howat,1 Conn. App. 400.
4. The original support order of $256.00 is the amount a non-custodial parent would pay earning $670.00 per week under the support guidelines.
The defendant's increased income constitutes a substantial change in his financial circumstances, whereby the court grants the plaintiff's motion for modification, and orders the plaintiff to pay child support of $350.00 per week beginning October 29th, 1990.
A contingent wage withholding order may enter.
PETRONI, J.