[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO STRIKE
On June 13, 1994, the plaintiff, Jane Doe, filed a seven count complaint against her former employer, XYZ Hospital, for damages arising out of the plaintiff's alleged wrongful discharge. The plaintiff alleges that she was employed at will by the defendant as a flight nurse in a program known as Life Star between March 28, 1990 and July 22, 1993. The plaintiff's husband was employed by Rocky Mountain Helicopters, Inc., which contracted with the defendant to provide helicopters and pilots for the Life Star program. On June 20, 1992, the plaintiff's husband was seriously injured in a helicopter crash while involved in a Life Star mission. CT Page 8251
The plaintiff alleges that she suffered from severe emotional distress after witnessing her husband's injuries in the defendant's emergency room, that over the course of the next fifteen months she was demoted to positions in other areas of the hospital and cautioned about her continuing social interaction with Life Star crew members in the emergency room; that during this time she became involved in litigation with a third party involving the crash of the helicopter which injured her husband; and that the defendant indicated to her that she would not be reinstated as a flight nurse because of her involvement in litigation with third parties and the resulting negative impact on the Life Star program. Additionally, the plaintiff alleges that the defendant's refusal to reinstate her as a flight nurse amounted to a constructive termination of her employment. The plaintiff thereafter left the employment of the defendant on November 28, 1993.
The plaintiff claims: in count one that her constitutional rights to participate in litigation and to free speech have been violated in contravention of General Statutes § 31-51q; in count two that the defendant's conduct constituted a constructive termination of employment for demonstrably improper reasons that violate important public policy; in count three that the defendant breached the implied relationships; in count four that the defendant intentionally inflicted emotional distress; in count five that the defendant negligently inflicted emotional distress; in count six that the defendant engaged in slander per se; and in count seven that the defendant engaged in slander per se via the doctrine of "self publication".
On August 26, 1994, the defendant filed this motion to strike counts two, three, four, six and seven of the plaintiff's complaint.
 I
The defendant claims that count two should be stricken on the grounds that General Statutes § 31-51q is the plaintiff's exclusive remedy and that she has failed to allege the requisite violation of an important public policy. Plaintiff argues that the remedy pursued in count two is different than the statutory remedy provided in Section 31-51q and that she has a constitutional right to seek redress for injuries CT Page 8252 alleged.
I(a)
The claim that count two should be stricken due to the exclusivity of General Statutes § 31-51q is more properly raised as a special defense. Practice Book § 164., Grant v.Bassman, 221 Conn. 465, (1992), Chapman v. U.S.F. G. Co.,
Superior Court, judicial district of New London at New London, Docket No. 520348 (March 4, 1994, Hurley, J.)
I(b)
Our Supreme Court recognized "a common law cause of action in tort for employment discharges if the former employee can prove a demonstrably improper reason for dismissal, a reason whose impropriety is derived from some important violation of public policy." Morris v. Hartford Courant Co., 200 Conn. 676,679, (1986), quoting Sheets v. Teddy's Frosted Foods,Inc., 179 Conn. 471, 475, (1980). Sheets is an exception to the general rule that an "at will" employee may be terminated for any reason. In an action under Sheets, the former employee has the burden of pleading and proving that his or her dismissal occurred for a reason that violates public policy. Seery v. Yale-New Haven Hospital, 17 Conn. App. 532,538, 757 (1989). Whether or not an employee can demonstrate that his or her employer acted arbitrarily, capriciously, or unfairly is irrelevant to the question of whether or not the employee has a valid cause of action for wrongful discharge because unless his or her termination from employment violated an important public policy of the State of Connecticut, a plaintiff has no valid claim for wrongful discharge.Laschever v. Journal Register Company, Superior Court, judicial district of Litchfield, Docket No. 065372 (February 16, 1995, Pickett, J.).
Given the inherent vagueness of the concept of public policy, it is often difficult to define precisely the contours of the exception. Morris v. Hartford Courant Co., supra,200 Conn. 680.
In Sheets, the defendant discharged the plaintiff, its quality control officer, for calling to its attention repeated violations of the Connecticut Uniform Food, Drug and Cosmetic Act. That act was intended to "safeguard the public health CT Page 8253 and promote the public welfare by protecting the consumingpublic from injury by merchandising deceit . . . ." (Emphasis added.) General Statutes § 19-211. In Burnham v. Karl Gelb,P.C., Superior Court, judicial district of Hartford-New Britain, Docket No. 537069 (January 9, 1995, Blue, J.), the court recognized a cause of action when an employee alleged that she had been discharged in retaliation for reporting various OSHA and Civil Rights Act violations that she claimed the defendants committed. More specifically, the plaintiff alleged that one of the defendants, a dentist, used bloody surgical gloves in unapproved ways and made instructions to disregard minority employment applications. In Weeks v.Office of Urban Affairs, Superior Court, judicial district of New Haven at New Haven, Docket No. 339298 (September 13, 1994, Martin, J.), the court recognized a cause of action when an employee alleged that she had been discharged in retaliation for revealing that the defendant was reporting inaccurate figures to state and federal agencies in order to receive grants. The court determined that the dismissal in that case violated public policy in favor of encouraging citizens to report crimes of fraud to the authorities.
The principle that maybe drawn from these cases is that the public policy exception is aimed at vindicating certain strong policies that affect the community at large and not merely the individual. By contrast, the plaintiff in this case attempts to vindicate rights personal to herself and does not fall under the Sheets exception. Accordingly, count two is insufficient at law and is stricken.
 II
The defendant claims that count three should be stricken on the ground that, as in count two, it fails to allege the requisite violation of an important public policy. In response, the plaintiff argues that there is no rule in contract law that requires a violation of an important public policy in an action for breach of the implied covenant of good faith and fair dealing.
The implied covenant of good faith and fair dealing is essentially "a rule of construction designed to fulfill the reasonable expectations of the contracting parties as they presumably intended." Magnan v. Anaconda Industries, Inc.,193 Conn. 558, 567, 1 (1984). In Magnan, the Supreme Court CT Page 8254 applied the covenant to contracts for employment with the limitation, however, that a "breach of such an implied covenant cannot be predicated simply upon the absence of good cause for a discharge." Id. at 571. The Court stated that "[l]ike other contract provisions, which are unenforceable when violative of public policy, the right to discharge at will is subject to the same restriction." (Emphasis added.)Id. at 572. Furthermore, the Court stated that "[w]hether a claim resulting from such a discharge is framed in tort or in contract should make no difference with respect to the issue of liability." Id. at 572.
Subsequently, our Appellate Court stated that the covenant "is coterminous with, and extends no further than, a cause of action for wrongful discharge in tort." Battista v.United Illuminating Co., 10 Conn. App. 468, 495, (1987). Again in Carbone v. Atlantic Richfield Co., 204 Conn. 460,528 A.2d 1137 (1987), the Supreme Court affirmed a trial court referee's finding that an at will employee may sustain a cause of action for breach of an implied covenant of good faith and fair dealing only when that person has been discharged in violation of some important public policy. Id. at 470.
We conclude that a cause of action in contract for breach of the implied covenant of good faith and' fair dealing is dependent upon a determination that the employer violated some important public policy and accordingly, count three is insufficient at law and should be stricken.
 III
The defendant claims that count four should be stricken on the ground that the conduct alleged does not rise to the level of such extreme and outrageous conduct required to maintain an action for the intentional infliction of emotional distress.
One element of this tort is that the conduct alleged must be "extreme and outrageous" DeLaurentis v. New Haven,220 Conn. 225, 266-67, (1991). In Connecticut Nat'l Bank v.Montanari, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 517808 (January 26, 1994, Aurigemma, J.) it was stated that "Liability for intentional infliction of emotional distress has been found only where the conduct has been so outrageous in character, and so extreme in CT Page 8255 degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community."
In our view, defendant's alleged refusal to reinstate the plaintiff to her former position as flight nurse was not so extreme or outrageous as to support a cause of action for the intentional infliction of emotional distress. Accordingly, the motion to strike count four is granted.
 IV
The defendant claims that count six should be stricken on the ground that the conduct alleged does not constitute speech required to sustain an action for slander per se. In response, the plaintiff argues that taken together, the defendant's words and conduct amount to an allegation of general incompetence.
Slander is an oral defamation of character. Decampos v.Kennedy Center, Inc., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 260290 (November 23, 1990, Licari, J.) quoting D. Wright J. Fitzgerald, Connecticut Law of Torts, 147 (2d ed. 1968 Supp. 1982). Slander is actionable per se if it charges incompetence or dishonesty in office, or charges a professional person with general incompetence. Miles v. Perry, 11 Conn. App. 584, 602, (1987). Whether words are actionable per se is a question of law for the court. Id. at 602. Spoken words are not slanderous per se if they charge no more than specific acts, unless those acts are so charged as to amount to an allegation of general incompetence or lack of integrity." Proto v. Bridgeport HeraldCorporation, 136 Conn. 557, 567, (1950).
The only reference in count six in to a spoken word is the defendant's reprimand of the plaintiff for her interaction with Life Star crew members while in the emergency room. A mere "reprimand", without more, which charges no more than a specific act is not sufficient to impute to the plaintiff general incompetence or lack of professional integrity. Even if the plaintiff's argument that a cause of action for slander could be sustained based on conduct alone were to be accepted, the conduct of demoting the plaintiff to an emergency room nurse does not rise to the level of disparaging one's professional competence and integrity. Defendant's motion to CT Page 8256 strike count six is granted.
 V
The defendant claims that count seven should be stricken on the ground that the plaintiff has not alleged publication necessary to sustain an action for slander per se by way of publication. In response, the plaintiff argues that she has alleged publication sufficient to maintain an action for slander per se via under the doctrine of "self publication".
"In order to be defamatory a false statement must be communicated to some one other than the plaintiff. Generally, there is no publication where the defendant communicates the slanderous statement directly to the plaintiff who then communicates it to a third party." Spain v. Blue Cross BlueShield of Connecticut, 2 CSCR 424 (March 9, 1987, Flanagan, J.). Some Connecticut courts have recognized a narrow exception to this rule known as the doctrine of "self publication". See e.g., Gaudio v. Griffin Health Services,
Superior Court, judicial district of Ansonia/Milford at Milford, Docket No. 035730 (December 19, 1991, Sequino, J.);Lusky v. Ashford, 4 CSCR 573 (June 28, 1989, Mack, J.). InSpain v. Blue Cross Blue Shield of Connecticut, the court found that under this exception the requirement of publication is satisfied where the plaintiff is compelled to publish a slanderous statement to a third party if it was reasonably foreseeable to the defendant that the plaintiff would be compelled to do so.
In all these cases it was alleged, that the plaintiff did in fact republish the defamatory statement in connection with applying for other employment. In the present case, the plaintiff merely alleges that she would be compelled to disclose the alleged defamatory statement, (e.g, the alleged reasons for the defendant's refusal to reinstate her as a flight nurse), in the event that she seeks employment as a flight nurse in the future. There appears to be no good reason to expand the parameters of this narrow exception beyond the circumstances where the plaintiff has in fact been compelled to republish the defamatory statement to a third party. In the absence of an allegation of actual republication, we conclude that count seven is insufficient at law. CT Page 8257
Motion to strike counts two, three, four, six and seven granted.
Wagner, J.