[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION DE: PLAINTIFF'S MOTION FOR MODIFICATIONOF JUDGMENT (#205)
The parties' marriage was dissolved by judgment entered February 29, 1984 (W.L. Tierney, Jr., State Referee). The following order was entered as part of the decree.
 "On the first day of the first calendar month following the date of closing of the Pheasant Lane premises, the defendant shall pay to the plaintiff the sum of $2,700.00 per month as unallocated periodic alimony and support until the death of either party, the plaintiff's remarriage or ten years from the date of closing, whichever event shall first occur, when the question of alimony shall be referred back to this court which retains jurisdiction of the question, for review and determination from the financial and health status of the parties at that time as to whether alimony should continue and, if so, the amount thereof."
By stipulation dated October 30, 1995 the parties agreed that the ten year period before referral back to this court for a "second look" is waived.
There is no authority for retention of jurisdiction on the "question" of alimony. This court will adopt the holding of Smithv. Smith, FA90 0113004, Judicial District of Stamford, 1993 CT Case Base 6011, June 17, 1993 (Karazin, J.) and will now proceed to treat the plaintiff's motion as one seeking modification pursuant to 846b-86, Connecticut General Statute.
On the date of judgment the court found the parties' 20 year marriage to have broken down irretrievably. The court further found the plaintiff to be 46, under medical care for allergies of the respiratory tract and suffering from mild chronic depression. Although without any particular skill the plaintiff was fluent in three languages but had not worked in several years.
The defendant came to the United States of America without CT Page 14568 assets or inheritance, working first as a bus boy. He applied himself, obtained a Masters Degree and at the time of dissolution was International Marketing Manager at Xerox at an annual salary of $92,000.00, or a net disposable monthly income of $6,000.00.
The plaintiff has not worked since the dissolution. She is now 57 and under medical care for respiratory complaints and digestive tract disorder. She is diagnosed as having chronic fatigue immune deficiency resulting in periods of bed rest, restricted daily activities and loss of mental sharpness. She has sought various modes of treatment in her efforts to attain good health but without much success.
The defendant, now 53, remains in good health and has continued his career at Xerox, now of 22 years duration. He is currently the company's top officer in Mexico. His current salary is $3,461.54 weekly. In addition, he has received stock options, participates in profit sharing and an ESOP account in addition to his vested retirement, all of which flows from his employment. Although awarded bonuses in the past, he expects none for the current year. His current net disposable income monthly is $8,600.00.
The court finds that there has been a substantial change for the better in the defendant's circumstances, Howat v. Howat,1 Conn. App. 400. At the same time, the plaintiff's health has become more fragile. Except for dividend and interest income of $179.00 weekly, the plaintiff has been unable to generate any income by her own efforts. The court finds that the plaintiff continues to remain dependant upon the periodic alimony to maintain herself. It is also noted that the plaintiff's medical expenses have increased from $279.00 per month to approximately the same expense weekly. Further, the plaintiff has no medical insurance at the present time. She has substantial unmet needs.
Finally, it is noted that the defendant was at grade 16 at the time of the dissolution and at the time of the current hearing is at grade 19.
The periodic weekly alimony is increased to $1,200.00 weekly effective upon filing of this memorandum.
HARRIGAN, JUDGE CT Page 14569