[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION FOR MODIFICATION (DOCKET ENTRY NO. 129.00)
On May 19, 1994, the court (Petroni, J.) granted the plaintiff's motion for modification. At that time, the court ordered alimony in the amount of $167.00 per week and support in the amount of $333.00 per week for a total effective order of $500.00 per week.
The plaintiff alleges that his earnings have decreased, that the defendant's earnings have increased and the defendant's expenses have decreased. (The motion itself is framed such that the parties are mistakenly reversed.) It is further alleged that one child of the parties has achieved the age of majority so that there is now but one minor child, who is sixteen years of age. The plaintiff prays, therefore, that the alimony order be vacated or reduced and that the child support order be modified to reflect the emancipation of one of the two children covered by Judge Petroni's 1994 order.
A brief history of this motion is of importance. The plaintiff husband and father and the defendant wife and mother were married on May 2, 1970. There were three children issue of the marriage: Kendra, born June 5, 1975, now 23 years of age; Sarah, born June 18, 1978, now 20 years of age; and Laura, born March 2, 1982, now 16 years of age.
On October 19, 1993, a decree of dissolution of the parties' marriage was entered after a trial before the Honorable Margaret Driscoll, Judge Trial Referee. The court found that neither party was primarily at fault for the breakdown of the marriage and that this was a no fault divorce. The parties agreed that there should be joint legal custody of the then two minor children and that CT Page 7880 the children would make their primary residence with the defendant. At that time, since the defendant's marketable skills had not been exercised since the birth of the parties' first child, the court felt that the defendant should be given the opportunity to acquire computer skills to be able to return to the field of dental assistant. Judge Driscoll observed that alimony "ought to be sufficient to enable her to get further training, either in the dental assistant field or in woodworking or whatever other field she feels she can qualify with a modest degree of training." This she has been able to do and has now returned to the field of dental assistant. The court ordered alimony in the amount of $125.00 per week and forty-five percent (45%) of the expenses of the house which amounted to $305.00 per week or $137.25 per week for a total of $262.25.
On May 19, 1994, as previously noted, the parties were before Judge Petroni. At that time, Judge Petroni found that the defendant earned $111.75 per week as a part time clerk in a book store earning $5.00 an hour. He found the plaintiff's current weekly income from employment to be $737.00 per week, although his weekly wage from March to April 21, 1994 to be $633.00 per week. This reflected no overtime and the plaintiff's wage as a printer for a 35 hour work week. (It is this last figure that the court has used for comparative purposes in considering plaintiff's motion for modification.)
At the time of the hearing before Judge Petroni, the plaintiff was employed at Colonial Lithograph and worked part time for American Graphics. In 1996, Colonial Lithograph went bankrupt and plaintiff lost his job. However, he was extremely lucky and almost immediately started work on a full time basis with American Graphics. His pay was increased from $21.15 per hour (what he was receiving at Colonial Graphics for a 35 hour work week) to $21.25 per hour for a 40 hour work week. However, there is very little overtime at his new position. His net weekly wage is $708.00 per week.
The defendant's net weekly wages have increased to $416.00 per week. She works as a dental assistant and is paid $14.00 per hour and works 26 to 33 hours per week. She is guaranteed 26 hours. There are no paid vacations, holidays or benefits. She also works part time for Fairfield University at the Recreational Complex (Rec Plex). In the winter time she works seventeen hours per week and in the summer ten to twelve hours per week. Her job at Rec Plex is as a receptionist. Her hours are on Saturday and CT Page 7881 Sunday from 9:45 a.m. to 5:00 p.m. and Thursday evenings until 9:30 or 10:00 p.m. The net weekly wage stated above includes her wages from both sources.
The child Sarah attends Fairfield High School. She finished her freshman year and will enter her sophomore year in the fall. On this schedule, she will complete her senior year following her nineteenth birthday in March, 2001.
The parties have submitted child support guideline worksheets. The basic support obligation based upon the Child Support Guidelines is $234.00 per week. Of this amount, the plaintiff's share is 63.21% and the defendant's share is 36.79%.
There is a rebuttable presumption that the amount of support which results from the application of the Child Support Guidelines is the amount of support that should be ordered, in this case $148.00 per week which the court rounds to $150.00 per week.
Section 46b-215b of the General Statutes.
Section 46b-86(a) of the General Statutes provides, in part, as follows:
 Unless and to the extent that the decree precludes modification, any final order for the periodic payment of permanent alimony or support or an order for alimony or support pendente lite may at any time thereafter be continued, set aside, altered or modified by said court upon a showing of a substantial change in the circumstances of either party or upon a showing that the final order for child support substantially deviates from the child support guidelines established pursuant to section 46b-215a,. . . . (Emphasis supplied.)
The court finds there has been a substantial change in the circumstances of both parties and finds, too, that the current order for support substantially deviates from the Child Support Guideline amount for one child with the parties now net incomes. See McGuiness v. McGuiness, 185 Conn. 7 (1981); McCann v. McCann, 191 Conn. 447 (1983); Turner v. Turner, 219 Conn. 703, 719 (1991). CT Page 7882
The plaintiff seeks to have the order for alimony terminated or modified. In considering whether or not alimony should continue the court must be guided by the factors of § 46b-82
of the General Statutes. At the time of the judgment, this was a 23 year marriage. The parties had three children, one of whom was an adult at the time of the judgment. The defendant worked keeping the home and raising their three children. She worked not at all outside the home until just before the judgment of dissolution and then only at jobs which required no special training. The defendant is now 47 years of age. As noted by Judge Driscoll in her Memorandum of Decision in October, 1993, "It is not likely that she is going to be able to earn anywhere near what her husband has earned. . . ." Judge Driscoll then went on to say: "Moreover, it is clear that he has much more opportunity to obtain additional assets than the plaintiff (sic) (the defendant) given his work habits and his skills as a printer."
The court has considered all of the factors of § 46b-82
and § 46b-84 of the General Statutes and has considered all of the testimony and evidence. The court is of the opinion that the original order of Judge Driscoll for $125.00 per week to remain until the defendant dies, cohabits or remarries should remain in effect. The court is of the opinion that the plaintiff should contribute forty-five percent (45%) of the expenses of the house [amounting to $252.00 (mortgage and insurance)] less one half of the weekly deficit on the Shoreham Terrace property ($29.00) for a rounded figure of $100.00.
Service of the Motion for Modification and Rule to Show Cause was made upon the defendant on April 7, 1998. Section 46b-86(a) of the General Statutes provides in pertinent part as follows:
. . . No order for periodic payment of permanent alimony or support may be subject to retroactive modification, except that the court may order modification with respect to any period during which there is a pending motion for modification of an alimony or support order from the date of service of notice of such pending motion upon the opposing party pursuant to section 52-50.
 The order for modification of alimony and support shall be retroactive, therefore, to April 7, 1998.
There is an arrearage of alimony and support payments of $6,650 on the $500.00 per week order to June 26, 1998. Counting CT Page 7883 backwards to April 3 eliminates twelve weeks of alimony and support arrearage ($6,000 leaving an arrearage of $650.00) and adding one-half week at $500.00 per week ($650.00 plus $250.00) to April 7 results in a computation of $900.00 of which $600.00 is support and $300.00 is alimony. One-half week at $375.00 results in a figure of $137.50 added thereto making an arrearage of $1037.50 to April 10, 1998, of which $382.50 is past due alimony and $655.00 is past due support. There are then twelve weeks to July 3, 1998, which results in an arrearage of $5,537.50 of which $3,082.50 is past due alimony and $2,455 is past due support.
The amount to be paid by way of periodic payment toward the support arrearage shall not exceed twenty percent (20%) of the weekly support order or $30.00 per week. Section 46b-215a-4 (b) of the Child Support and Arrearage Guidelines effective June 1, 1994. The amount to be paid on the alimony arrearage shall be $25.00 per week until the full arrearage of alimony is paid in full.
The Motion for Modification is granted and the following orders shall enter:
 1. Support for the minor child, Laura, shall reduce from $333.00 to $150.00 per week retroactive to April 7, 1998, which support order shall continue until the earliest to occur of the following events: the death of either of the parties, the child's graduation from high school, the child's nineteenth birthday or further order of the court upon a motion pursuant to § 46b-86(a) of the General Statutes.
 2. Alimony shall increase to an amount of $225.00 per week, consisting of a continuation of Judge Driscoll's order of $125.00 per week plus $100.00 per week toward the defendant's home expenses. This latter payment shall last only until the house is sold. The former payment shall remain until the defendant dies, cohabits or remarries.
 3. So much of Judge Driscoll's order as provides that the house on Shagbark Lane and the house at Shoreham Terrace may be sold at earlier dates upon the option of the defendant as to Shagbark Lane and upon the option of the plaintiff as to Shoreham Terrace shall remain in effect. Those provisions of paragraph 4 of Judge Driscoll's orders as to both properties CT Page 7884 providing for sale upon the youngest child reaching the age of 18 shall be modified to the date the youngest child graduates from high school which, at present, will be June, 2001.
 4. An arrearage for past due support to July 3, 1998, is found in the amount of $2,455 less whatever amount may have been paid by the plaintiff to the defendant since July 3, 1998, by way of past due support. The plaintiff shall pay Thirty ($30.00) Dollars per week toward said arrearage until fully paid.
 5. An arrearage for past due alimony to July 3, 1998, is found in the amount of $3,082.50 less whatever amounts may have been paid by the plaintiff to the defendant since July 3, 1998, by way of past due alimony. The plaintiff shall pay Twenty-five ($25.00) Dollars per week toward said arrearage until fully paid.
 6. The total effective order for the plaintiff to pay to the defendant is Four Hundred Thirty ($430.00) Dollars per week consisting of Two Hundred Fifty ($250.00) Dollars per week by way of alimony and One Hundred Eighty ($180.00) Dollars per week consisting of support. An immediate order for wage withholding shall issue to secure the payment of alimony and support as herein ordered.
 7. Except as herein modified, all other orders in the judgment of dissolution shall remain in full force and effect.
 8. The defendant seeks attorney's fees for the defense of plaintiff's motion, which fees are sought pursuant to the provisions of § 46b-62 of the General Statutes. The court has considered the factors of § 46b-82 in arriving at a decision on this issue. Both sides have incurred expenses for their respective attorneys. The issues presented are not ones upon which the parties could easily agree. The issues, in the court's opinion, needed to be heard. The plaintiff has no liquid funds with which to pay counsel for the defendant let alone his own counsel. It is only fair and equitable that each party pay his or her own attorney's fees. The defendant's request is denied.
EDGAR W. BASSICK, III JUDGE TRIAL REFEREE CT Page 7885