SUSAN R. CURZI *v.* KENNETH J. CURZI
(7663)

SPALLONE, DALY and NORCOTT, Js.

Argued January 2—decision released March 6, 1990

*Robert S. Kolesnik,* with whom, on the brief, was *Maureen E. Norris,* for the appellant (defendant).

*Mark M. Wrenn,* with whom was *James P. Caulfield,* for the appellee (plaintiff).

SPALLONE, J. The defendant appeals from the trial court's denial of his motion to modify the orders of alimony and child support entered in the judgment for the dissolution of his marriage. The defendant claims that the trial court erred (1) in failing to find a significant change in circumstances justifying a modification of the alimony and support orders, and (2) in finding that the maintenance orders contemplated full-time employment for the plaintiff and, therefore, precluded modification. We find no error.

On July 25, 1988, the trial court rendered judgment dissolving the parties' eight year marriage. After a contested hearing, the plaintiff was granted custody of the parties' two minor daughters and was granted exclusive possession of the jointly owned marital residence. At the time of dissolution, the plaintiff worked part-time as a waitress. Her weekly net income from earnings was $109 and her weekly expenses exceeded $565. The defendant, a high school teacher, had a weekly net income of $523.16 and weekly expenses of $507.78. In its dissolution judgment, the court ordered the defendant to pay $85 per week per child for their support and $35 per week as alimony, for a total weekly mainte-

nance contribution of $205. The court also ordered him to pay a portion of the parties' outstanding debts and to pay approximately $140 per week for the mortgage and real estate taxes on the marital home.

In November, 1988, the defendant moved to modify the maintenance orders, claiming a substantial change in the plaintiff's circumstances. Following the divorce, she had obtained employment as a high school teacher and her weekly net income had risen to $276.69. The court denied the defendant's motion and this appeal followed.

Pursuant to General Statutes § 46b-86 (a), which was revised by Public Acts 1987, No. 87-104, a trial court may modify the financial orders of a judgment of dissolution entered after October 1, 1987, "upon a showing of [a] substantial change of circumstances, whether or not such change of circumstances was contemplated at the time of dissolution." See *Darak* v. *Darak,* 210 Conn. 462, 465, 556 A.2d 145 (1989); *Albrecht* v. *Albrecht,* 19 Conn. App. 146, 155–56, 562 A.2d 528 (1989). Great weight will be given trial court rulings on financial orders in family matters and every consideration must be given in their support. *Darak* v. *Darak,* supra, 475. We will not reverse such a ruling unless the appellant demonstrates that the court has misapplied the law or could not reasonably have reached its conclusions. *Roach* v. *Roach,* 20 Conn. App. 500, 505, 568 A.2d 1037 (1990); *Cattaneo* v. *Cattaneo,* 19 Conn. App. 161, 166, 561 A.2d 967 (1989).

The defendant first claims that the court could not have reasonably denied his motion for modification. We disagree. The record, including the parties' financial affidavits, documents the relative financial positions of the parties. Prior to the dissolution, the plaintiff's expenses exceeded her income by approximately $406 per week. The financial orders of the dissolution left

both parties with more expenses than income. After the divorce, the plaintiff's weekly shortfall was approximately $112, and the defendant's was approximately $240. The defendant did not appeal these orders, and the fairness of this distribution of resources is not in issue.

By November, 1988, the plaintiff's weekly employment income had increased 150 percent. The parties dispute the amount of the plaintiff's weekly expenses, but, even using the defendant's estimate, the plaintiff's increased expenses exceeded her increased income by approximately $122 per week. Because the defendant's income had marginally increased and his expenses had decreased, his weekly shortfall was approximately $212.

The plaintiff, despite her full-time employment, has not enjoyed a significant improvement in her finances. After reviewing all the evidence, the trial court found that "there has been no substantial change in circumstances which would lead to a . . . reconsideration of the statutory criteria" so as to justify a modification of the defendant's financial obligations. The record here amply supports this finding, and we are not persuaded that the court abused its discretion in denying the defendant's motion to modify the judgment as to support and alimony.

The defendant next claims that the court erred in finding that the judgment of dissolution precluded future modification of alimony and support orders based on an increase in the plaintiff's income. He argues, in effect, that the court denied his motion for modification on an erroneous conclusion that the dissolution judgment contemplated that the plaintiff soon would be fully employed. Our review of the record reveals no basis for the defendant's claim.

Upon a motion for modification, the court first considers whether there has been a substantial change in

circumstances. Only if such a change is found may the party resisting the modification claim that the change was contemplated at the original judgment. *Darak* v. *Darak,* supra, 470. The court here expressly based its ruling on a finding of no substantial change in circumstances. The court, therefore, correctly ended its review. Notwithstanding the defendant's claims, there is nothing in the record indicating that the court considered and reached a conclusion as to whether the plaintiff's future employment was anticipated at dissolution.

There is no error.

In this opinion the other judges concurred.