[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION AND ARTICULATION
Pursuant to the court's remand for further proceedings dated September 18, 1990, this memorandum will articulate the decision entered on June 7, 1990 in the captioned matter. I will also specifically address the following:
1. Plaintiff's Motion for Modification dated June 19, 1989.
2. Defendant's Motion for Modification dated July 7, 1989. CT Page 4097
3. Defendant's Motion for Contempt dated July 7, 1989.
Initially, the Magistrate wishes to acknowledge that error was made on the face of the pre-printed Memorandum of Decision. The box relating to pre-1987 judgments should more properly have been checked and the criteria regarding "uncontemplated changes" should have been used. This issue and the relief requested will be addressed further on herein.
The allegations contained in the plaintiff's motion of June 19, 1989 are essentially statements of fact which are found to be correct. The court will accept the representation that the parties "mutually agreed" "on or about October of 1988" and that it was and is in the best interest of the minor child (Brian) to move out of the defendant's residence and move in with plaintiff.
It was further alleged that the financial burden of the defendant was reduced as a result of said move.
However, a review of the Judgment dated October 3, 1978 (Tierney, J.) Paragraph 8th shows that the court had made provision within the said judgment. The court stated in part that "the husband shall pay to the wife as and for unallocated (Emphasis added) alimony and support, the sum of $150 per week so long as three of the parties' children have not attained the age of 18. . . ." "thereafter the husband shall pay the sum of $100 per week as unallocated alimony and support until the remainder of said children have attained the age of thereafter all alimony will cease."
The testimony of the plaintiff revealed that he is a self employed carpenter and has been engaged in that trade for over ten (10) years. It was further determined that at the time of the dissolution (1978), the plaintiff was similarly engaged and was self employed. At the time of the dissolution the plaintiff had "net all sources income" of $266.73 per week. (See Sworn Financial Statement dated September 14, 1978). The defendant's financial statement for the same period shows income as supplied by the plaintiff together with rental income amounting to $249.61 — net all sources. The current financial documentation offered by the parties at the time of this hearing on plaintiff's motion reveals the following:
Plaintiff: weekly income all sources $470.00;
Defendant: weekly income all sources $280.00;
(See, Plaintiff's Exhibit A and Defendant's Exhibit A). CT Page 4098
At the time of the hearing on these motions the plaintiff testified that his self employment tends to be "sporadic" at present and has adversely impacted his income. However, the facts reveal that the same representations were made at the time of the dissolution in 1978, before Tierney, J. Similar claims were made in May 1981 before Melville, J. and again in April 1983 before Novack, J. Based on such testimony, the only conclusion the court can reach on this issue is that, the plaintiff's work has always been sporadic and was so at the time the judgment was rendered.
This brings us to the "time sheets" which the plaintiff has offered (Plaintiff's Exhibit B), which cover the period January 1, 1990 through May 18, 1990 (or 20 weeks). The plaintiff alleges that these are not records kept in the regular course of business however, the plaintiff felt that he "could forsee this coming on" and prepared these records. The plaintiff stated that his "normal" work day amounts to 6.5 hours and that a full work week consists of 32.5 hours. His hourly rate approximates $30-35 per hour. During said period (20 weeks), the work sheets reveal 341.5 hours. A brief calculation of 341.5 hours at $35 an hour amounts to $11,952.50. Dividing the total of $11,952.50 by the said 20 weeks shows earnings of $597.62 per week. If we used the $30 figure quoted, his income per week would amount to $512.25. These sums are a far cry from the figures set forth in the plaintiff's Exhibit A, and do not take into consideration the additional $67.50 also shown in said Exhibit A.
A further review of the facts and evidence offered shows that other than sums owed to counsel, the IRS and his current arrears, the plaintiff has no outstanding debts (See Plaintiff's Exhibit A). He claims income of $470 and expenses of $808 with a shortfall of $338. Nevertheless, I find no other outstanding indebtedness. Plaintiff's explanation is that he owes the lumber yard and his associate Mr. Sharpe, some money and that he neglected to list them. He further states that he pays no taxes and that he has failed to file for the tax years 1987, 1988 and 1989. "It is peculiarly within the province of the trier of fact to judge the credibility of a witness." DeLuca v. C.W. Blakeslee Sons, Inc., 174 Conn. 535, 547, 391 A.2d 179 (1978).
The plaintiff's testimony at the hearing together with his offers of proof, were, in the triers mind, less than forthright. This was especially manifested regarding the salient issue of "`substantial change in circumstances'" whether they be contemplated or not. The plaintiff's income was substantially lower at the time of the dissolution, his employment was, as he terms it, "sporadic" then and as far as CT Page 4099 this court can see nothing has changed. "The burden of clearly and definitely demonstrating the substantial change in the circumstances of either of the parties, however remains with the moving party." Richard v. Richard, 23 Conn. App. 58 (1990), Curzi v. Curzi, 21 Conn. App. 5, 9, 570 A.2d 1134 (1990). Plaintiff has failed to meet his burden.
It is further found that the judgment as rendered by Tierney, J. (Supra) contemplated the issue of alimony and support and made provision for such an event.
It was clearly stated in the judgment that after three of the children attain the age of 18, "the husband shall pay the sum of $100 per week as unallocated alimony and support." The defendant's current income from employment is $145 (See Defendant's Exhibit A — any additional income is attributed to the unallocated alimony and support order ($150)). In Cummock v. Cummock, 180 Conn. 218, 221, the court in a like matter stated that at that time, the court had "never expressly ruled on the relationship between support and alimony payments." However, "we have repeatedly noted that a broad range of circumstances is relevant in deciding whether a decree of alimony may be modified." Jacobsen v. Jacobsen, 177 Conn. 259,264 (1979) Sanchione v. Sanchione, 173 Conn. 397, 401-402,378 A.2d 522 (1977). "The same criteria that determine an initial award of alimony are relevant to the question of modification, and these require the court to consider, without limitation, the needs and financial resources of each of the parties, as well as such factors as health, age and station in life. C.G.S.46b-82." Based on the testimony and the credible evidence, this court finds that the original judgment as entered by Tierney, J. regarding the payment of $100, should remain undisturbed until such time as Brian is emancipated at which time all alimony and support shall cease.
As to the defendant's motion, the court has taken into consideration all of the criteria as set forth in C.G.S. 46b-86
and finds that the provisions made for the payment of $100 as unallocated alimony and support — coupled with Brian's absence and defendant's concomitant reduction in expense is equitable. The defendant's loss of support and any resultant loss in financial contributions have been more than offset by the judgment.
On the defendant's motion for contempt, it is found that the plaintiff is in arrears as of June 6, 1990 in the sum of $11,000 subject to audit and adjustment as of said date. It is further found that unallocated alimony and support shall be paid at the rate of $100 per week and arrearage payment will be in the sum of $50 per week for a total payment of $150 per week as CT Page 4100 of May 18, 1990 and that arrearages will be adjusted from said date on a per diem basis.
It is further directed that the order for payment of a $5,000 lump sum on arrearage shall be vacated and set aside on the basis that plaintiff's cash liquidity is minimal based on a review of plaintiff's Exhibit A.
It is further directed that upon the sale of the premises located at 6 Idar Court, Greenwich, Connecticut plaintiff shall pay the defendant out of plaintiff's net proceeds of sale, the full amount of the outstanding arrearage as at the date of the closing. All payments shall be made through Support Enforcement Services, 115 Hoyt Street, Stamford, Connecticut.
It is further directed that this matter be returned to the Family Support Magistrate's calendar on December 14, 1990 for monitoring and determination of compliance.
EDMUND H. MILLER, FAMILY SUPPORT MAGISTRATE.