[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The defendant moves to modify the alimony order entered by the court on July 8, 1999. He is requesting that the court entirely suspend the order because 1) the plaintiff is cohabiting with a person so that her financial needs are altered; and 2) the plaintiff has enjoyed a substantial increase in alimony since the order. The court heard testimony from the parties and Thomas Gaynor.
General Statutes § 46b-86 controls the determination of motions to modify alimony. Section 46b-86 (a) permits such modification upon showing of a substantial change in the circumstances of the parties. The defendant moving party bears the burden of demonstrating the existence of a substantial change in circumstances. Crowley v. Crowley,46 Conn. App. 87, 91 (1997).
Here the defendant showed an increase in the plaintiff's income of approximately $70.00 weekly due to her renting space in her property and working additional hours in a restaurant. The defendant's income increased by approximately $30.00 weekly. The plaintiff's weekly expenses continue to exceed her weekly income by approximately $400.00. See Curziv. Curzi, 21 Conn. App. 5, 7-8 (1990).
As to the claim that the plaintiff is cohabiting, the witness Thomas Gaynor and the plaintiff testified to such cohabitation. While the court does not believe that Mr. Gaynor's presence costs the plaintiff nothing (i.e. hot water and electricity), that cost to the plaintiff is minimal. Gaynor does not have meals at the plaintiff's house and works long hours. Gaynor contributes nothing to the plaintiff's household expenses. Accordingly, the court accepts as credible that the plaintiff's financial needs are not affected by this cohabitation.
Under General Statutes § 46b-86 (b) the legislature provides that in an action for divorce brought by a husband or a wife,
 in which a final judgment has been entered providing for the payment of periodic alimony by one party to the other, the Superior Court may, in its discretion and upon notice and hearing, modify such judgment and suspend, reduce or terminate the payment of periodic alimony upon showing that the party receiving the periodic alimony is living with another person under the circumstances which the court finds should result in the modification, suspension, reduction or termination of alimony because the living arrangements cause such a change of circumstances as to alter the financial needs of that party.
The Supreme Court has recently discussed this section and interpreted it to state "the non-marital union must be one with attendant financial consequences before the trial court may alter an award of alimony."DeMaria v. DeMaria, 247 Conn. 715, 720 (1999). The defendant argues that although the plaintiff has received no money from Gaynor to alter her financial needs, the court, as a matter of reasonableness should terminate the alimony because Gaynor should be contributing to the defendant's household expenses. The court analogizes this as a public policy argument and declines to address the issue of public policy.
The words of the applicable statutes are clear. See Cilley v.Lamphere, 206 Conn. 6, 9-10 (1988). The living arrangement must cause a change in circumstances "as to alter the financial needs." There was insufficient evidence to show that the plaintiff's financial needs were altered by the circumstances surrounding Gaynor's residing with her since June or July 2000.
Having considered the evidence as to the change in the plaintiff's financial circumstances, the court finds that the defendant has failed to prove that any change in the plaintiff's circumstances is substantial.
Accordingly, the motion is denied.
DiPentima, J. CT Page 11024