ELIZABETH GLEASON *v.* WILLIAM C. GLEASON II
(5877)

STOUGHTON, NORCOTT and FOTI, Js.

Argued June 1—decision released September 13, 1988

*Richard L. Winter,* with whom, on the brief, was *Elizabeth Gleason,* for the appellant (plaintiff).

*William C. Gleason II,* pro se, the appellee (defendant).

FOTI, J. The plaintiff appeals from the granting by the trial court of the defendant's motion to modify that portion of the judgment of dissolution relating to the award of alimony and reimbursements for rent. The plaintiff raises eight claims of error. Seven of these claims challenge the court's judgment modifying the original decree and one asserts that the court erred in failing to find the defendant in contempt for his failure to make alimony and rental payments pursuant to

the original decree. Our conclusion that the court erred in granting the defendant's motion for modification is dispositive of this appeal.

The parties' marriage was dissolved in 1986. That portion of the orders issued pursuant to the dissolution that are relevant to this appeal provides: (1) the defendant "shall pay periodic alimony to the plaintiff in the amount of $125 per week" during the defendant's lifetime or until the plaintiff's death or remarriage, and that these payments shall be reduced to one dollar at the time the family residence is sold and the proceeds are divided; (2) "the plaintiff shall have the right to remain in the family residence until April 1, 1986," at which time the plaintiff must vacate the home and the defendant "shall move back into the family home . . . for the purpose of fixing it up and repairing it for resale. This work shall be accomplished no later than May 15, 1986, at which time the house will be placed on the market for sale"; and (3) during the intervening time, the plaintiff was permitted to elect to reside in the defendant's apartment or be reimbursed for rent up to a maximum of $950 per month.[1] At the time the court entered these orders, the defendant had been unemployed for approximately two years.

On January 8, 1987, the plaintiff filed a motion for contempt on the ground that the defendant had not reimbursed her for the January rent and that the defendant refused to pay such sums as they became due. The defendant filed a motion for modification of the original orders on January 15, 1987. The plaintiff subsequently filed an additional motion for contempt because the defendant was three weeks in arrears in alimony payments.

After a hearing on these various motions, the court, without written decision, granted the defendant's

---

[1] At the time the trial court ruled on the defendant's motion, the family residence had not been sold.

motion for modification, concluding that he had sustained his burden of demonstrating an uncontemplated change in circumstances.[2] The plaintiff claims that the defendant did not establish a change in circumstances which was not anticipated at the time of the issuance of the original orders. We agree.

It is undisputed that at the time of the dissolution the defendant had been unemployed for two years and that he did not obtain employment until nine months after the dissolution. Nevertheless, the court concluded that the defendant's circumstances had changed. On the basis of this conclusion, the court ordered the periodic alimony reduced from $125 to $50 per week, the elimination of all reimbursements for rent and reduced an arrearage from $2700 to $2475.

"[A] party seeking modification of financial orders incident to a marital dissolution judgment must clearly and definitely establish an uncontemplated substantial change of the circumstances of either party which demonstrates that continuation of the prior order would be unfair and improper. *Wingerd* v. *Wingerd,* 3 Conn. App. 261, 262, 487 A.2d 212 (1985)." *Fabiano* v. *Fabiano,* 10 Conn. App. 466, 469, 523 A.2d 937 (1987). Such an uncontemplated substantial change must have occurred after the date of the judgment. *Cersosimo* v.

---

[2] We note that General Statutes § 46b-86 (a), which provides for modification of alimony or support "upon a showing of a substantial change in the circumstances of either party," has been repealed and substituted by Public Acts 1987, No. 87-104, which provides in relevant part that after the dissolution of a marriage, "modification may be made upon a showing of such substantial change of circumstances, *whether or not such change of circumstances was contemplated at the time of dissolution.* By written agreement, stipulation or by decision of the court, those items or circumstances that were contemplated and are not to be changed may be specified in the written agreement, stipulation or decision of the court." (Emphasis added.) This act was not effective until October 1, 1987, and, therefore, does not affect this case. See *LaBow* v. *LaBow,* 13 Conn. App. 330, 344–45 n.5, 537 A.2d 157 (1988).

*Cersosimo,* 188 Conn. 385, 405, 449 A.2d 1026 (1982). We also recognize that " '[g]reat weight is due the action of the trial court, which will not be disturbed unless the court has abused its discretion or its finding has no reasonable basis in the facts.' " *O'Bymachow* v. *O'Bymachow,* 12 Conn. App. 113, 116, 529 A.2d 747, cert. denied, 205 Conn. 808, 532 A.2d 76 (1987); *Fabiano* v. *Fabiano,* supra, 469.

Although the court did not file a memorandum of decision granting the defendant's motion for modification nor has a full transcript of the hearing been filed, a partial transcript suffices to establish that the court granted the defendant's motion for modification on the basis of his inability to pay. A defendant's inability to pay "does not automatically entitle a party to a decrease of an alimony order." *Sanchione* v. *Sanchione,* 173 Conn. 397, 407, 378 A.2d 522 (1977). It is clear from the record that the court carefully considered the defendant's entire economic situation and his employment position at the time of the dissolution. At that time, the court stated that a review would be conducted after the defendant "has obtained some employment of a regular nature or an income of a regular nature." At the modification hearing, the defendant admitted that he knew at the time of the dissolution that he would need money in the near future. He also conceded that he had not consulted a free lifetime outplacement service provided by a former employer, and that when he did work he limited his hours by choice.

We have recently reaffirmed our conclusion that the inability to pay alimony must be excusable and not brought about by the defendant's own fault before a motion for modification may be granted. *Wanatowicz* v. *Wanatowicz,* 12 Conn. App. 616, 620, 533 A.2d 239 (1987). In this case, the facts provide no reasonable basis for the court's conclusion that an uncontemplated substantial change occurred after the original orders

were issued. Nor is there any basis for concluding that the defendant's employment situation was excusable or beyond his control. The court, therefore, abused its discretion in granting the defendant's motion for modification.

There is error, the judgment is set aside and the case is remanded with direction to deny the defendant's motion for modification.

In this opinion the other judges concurred.