## Lynn P. Richard *v.* Bruce G. Richard
### (8588)

Daly, O'Connell and Foti, Js.

Argued May 9—decision released August 28, 1990

*Edward R. Giacci,* for the appellant (defendant).

*Lynn P. Richard,* pro se, the appellee (plaintiff).

Daly, J. The defendant appeals from the trial court's denial of his motion for modification of alimony and child support. The dispositive issue[1] is whether the trial court should have considered the defendant's evidence that his job change was involuntary before it concluded that the defendant had failed to show a substantial change in his circumstances because that change was voluntary. We conclude that the court should have considered this evidence.

---

[1] The defendant also claimed that the trial court should not have found that it did not have jurisdiction to rule on his motion for modification. An examination of the record does not disclose such a finding by the trial court.

The parties' nine year marriage was dissolved on March 25, 1988. At the dissolution hearing, the plaintiff testified that the parties had reached an agreement concerning certain aspects of the property settlement and child custody. Included in this testimony was the understanding that the parties contemplated that the plaintiff would get a part-time job and that this would not be a substantial change in circumstances. At the conclusion of the plaintiff's testimony, the defendant acknowledged that this was the parties' agreement. The court then enumerated several findings from the bench and declared the parties' marriage dissolved. Incorporated within the court's written judgment were orders based on the plaintiff's testimony concerning the parties' agreement. The relevant orders were that the defendant would pay the plaintiff $75 per week, per child, for the support of the parties' two minor children, and that the defendant would pay the plaintiff $100 per week as alimony "until the youngest child attains the age of eighteen years. The term of said alimony is non-modifiable. If the alimony shall be terminated . . . the husband shall pay child support in the amount of one hundred twelve and 50/100 ($112.50) dollars per child, per week, for a total support payment of two hundred twenty-five and 00/100 ($225.00) dollars per week."

On July 11, 1988, the defendant filed his motion for modification of alimony and child support, alleging that both parties had undergone a substantial change in circumstances. This motion gave notice that oral argument and testimony were required.

The hearing on the motion was not held until October 18, 1989. The record indicates that immediately before the hearing the defendant filed a new financial affidavit, dated October 18, 1989, and the plaintiff also filed a new financial affidavit, dated October 17, 1989.

At the start of the hearing, the defendant explained to the court that, although he was presently working for Sikorsky Aircraft at the Bridgeport plant, the information contained in the new financial affidavit that showed a lower weekly income was based on a job transfer to a Florida plant as of October 30, 1989. The defendant indicated at that time that "the issue is whether or not that's a voluntary transfer or whether it's mandatory."

Later in the hearing, the court asked the defendant whether he wanted to proceed with argument or with the financial affidavits. The defendant's counsel requested that the plaintiff respond to his argument and stated, "if the court believes the need for testimony, my client is ready to testify."

The defendant then summarized his argument. He first asserted that he had substantial change in his circumstances because he was in the process of changing jobs and would be earning less money. A comparison of his financial affidavits showed that his stated gross weekly income would decrease from $612.73 to $425.60 and his net weekly income would decrease from $376.26 to $296.10. He then asserted that there was a substantial change in the plaintiff's circumstances because she had become employed part-time. The gross income from that job was $140 and the net weekly income was $111.88. The plaintiff's financial affidavit filed at the time of the dissolution showed that she had no net weekly income.

The plaintiff then countered the defendant's argument that either or both of the parties had a substantial change in circumstances. As to the argument that the defendant had a substantial change in his circumstances, the plaintiff stated, "I believe that [the defendant's financial situation] is going to take testimony but

it is our position that he is making this move voluntarily." The plaintiff then articulated reasons for her opinion that the job change was voluntary.[2]

At the conclusion of the plaintiff's argument, the court, ruling from the bench, denied the defendant's motion for modification on the ground that the defendant had failed to show a substantial change in circumstances. When the defendant asked in court for some clarification, the court stated, "I'm saying the future employment of the wife was fully contemplated by the parties *and the fact that the defendant is voluntarily taking a new job and [a]ffecting his own figures is not a substantial change in circumstances."* (Emphasis added.) The defendant then reiterated his request that the court hear testimony on the issue of whether the defendant's job change was voluntary.[3] The court denied this request and reiterated that the defendant's motion for modification was denied. This appeal ensued.

A trial court's power to modify the financial orders made incident to a judgment of dissolution is statutory. Pursuant to General Statutes § 46b-86 (a), which was revised by Public Acts 1987, No. 87-104, the court may modify judgments of dissolution rendered after October 1, 1987, "upon a showing of [a] substantial change

---

[2] After the plaintiff articulated her reasons for her opinion that the defendant's job change was voluntary, the defendant objected and the court indicated that it would not consider that statement.

[3] The defendant's counsel stated, "If the court pleases, at this time, and that's why I indicated there may be a need for testimony on the issue of whether this is voluntary.

"I suggest that maybe Mr. Richard should testify and the court would make a determination at that time, whether it's voluntary or whether it was something that was inevitably the handwriting on the wall, whether it was necessary at the time. Mr. Richard is not conceding that this was a voluntary move.

"If that's the court's concern, I would like to call Mr. Richard to the stand so the court would hear from him as to why the move is being made from Connecticut to Florida."

of circumstances, whether or not such change of circumstances was contemplated at the time of dissolution. *By written agreement, stipulation or by decision of the court, those items or circumstances that were contemplated and are not to be changed may be specified in the written agreement, stipulation or decision of the court.*" (Emphasis added.) The effect of the emphasized portion of the statute was to shift the burden of proof from the moving party to the party resisting the modification with regard to contemplation only. See *Darak* v. *Darak,* 210 Conn. 462, 470, 556 A.2d 145 (1989). The burden of "clearly and definitely" demonstrating the substantial change in the circumstances of either of the parties, however, remains with the moving party; see *Curzi* v. *Curzi,* 21 Conn. App. 5, 9, 570 A.2d 1134 (1990); *Kelepecz* v. *Kelepecz,* 187 Conn. 537, 538, 447 A.2d 8 (1982); and must be established before the issue of contemplation will be considered by the court. See *Curzi* v. *Curzi,* supra. "That party must demonstrate that continued operation of the original order would be unfair or improper." *Harlan* v. *Harlan,* 5 Conn. App. 355, 357, 496 A.2d 129 (1985).

"In a modification action, the decision of the trial court is attributed great weight and every consideration must be given in support of its correctness. *McGuinness* v. *McGuinness,* 185 Conn. 7, 13, 440 A.2d 804 (1981). The action of the trial court will not be disturbed unless the court has abused its discretion or its finding has no reasonable basis in the facts. *O'Bymachow* v. *O'Bymachow,* [12 Conn. App. 113, 116, 529 A.2d 747 (1987)]." *Wanatowicz* v. *Wanatowicz,* 12 Conn. App. 616, 618, 533 A.2d 239 (1987).

The defendant claims that the court abused its discretion when it refused to allow testimony on the issue of whether the defendant voluntarily changed his job.

" 'Inability to pay' does not automatically entitle a party to a decrease of an alimony order. It must be excusable and not brought about by the defendant's own fault." *Sanchione* v. *Sanchione,* 173 Conn. 397, 407, 378 A.2d 522 (1977); see also *Gleason* v. *Gleason,* 16 Conn. App. 134, 137, 546 A.2d 966 (1988).

In the present case, the trial court based its conclusion that the defendant failed to show a substantial change in his circumstances on the finding that the defendant's decrease in income was brought about by his own action.

The record indicates that this finding of fact was made without permitting the defendant to present any evidence on this issue. The only evidence upon which the court could have made this finding came from the plaintiff in oral argument. We conclude that before the court could find that the defendant's decrease in income was brought about by his own action, the trial court should have considered the defendant's evidence.

The judgment denying the defendant's motion for modification is reversed and the case is remanded to the trial court for a new hearing in accordance with this opinion.

In this opinion the other judges concurred.