[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO MODIFY ALIMONY POST JUDGMENT
In October of 1999, the defendant Kenneth Wargo filed a Motion to Modify Alimony Post Judgment. His motion set forth two grounds for modification; first, that his pay was reduced by a mandatory weekly contribution to the State Retirement and Benefit Services Division as a result of the state's retroactive determination that he was entitled to receive hazardous duty pension benefits, and secondly, that his condominium fees had increased.
On November 24, 1999, the court (Caruso, J.) held a hearing on the defendant's motion, granted it and reduced the defendant's alimony payments to the plaintiff from $225 per week to $121 per week, effective the first week of January, 2000. The plaintiff failed to appear at that hearing because of a series of errors on the part of plaintiff, her former attorney and the clerk's office. On December 10, 1999, the plaintiff filed a motion to open the November 24, 1999 judgment. The court granted that motion on March 14, 2000 and heard the matter on November 15, 2000.
At the time of the hearing, the defendant testified that he was employed by the Webster Correctional Institution to which he had transferred from the state's Department of Mental Retardation. The defendant's new job was considered hazardous duty for purposes of his pay, and he received enhanced pay from 1993 to 1997 reflecting that determination. However, because the Office of the State Comptroller had not designated him with that title for pension purposes, he did not make contributions to the retirement fund during that time. In June of 1997, the defendant was designated a hazardous duty essential employee and so was eligible for the hazardous duty pension. His pay thereafter reflected a greater bimonthly payment into the pension fund. He continued to CT Page 15334 receive the enhanced pay for hazardous duty.
In October of 1999, the defendant was informed that he could purchase 1993-1997 pension benefits by making payment to the state's pension fund in the amount of $9,787.37. The defendant elected to make that purchase and authorized payment to be made by payroll deduction in the amount of $207.03 bi-monthly. He testified that he believed the purchase to be mandatory. He stated that if his pension were increased, the portion that would go to plaintiff would increase as well. He testified further that his alimony payments to the plaintiff would end upon his retirement and that he would retire sooner as a result of the purchase. The defendant testified that the deduction from his pay was made on a bimonthly rather than a weekly basis as had been represented in his Motion to Modify. As a result, the reduction in defendant's alimony payments to plaintiff has exceeded his bimonthly contribution to the pension fund in connection with the buyback. In other words, the plaintiff has borne the burden of defendant's buyback deduction in its entirety since the beginning of January 2000. Further, it is apparent from the testimony at the time of the hearing and review of Defendant's Exhibit 1, the September 8, 1999 Invoice from the Office of the State Comptroller, Retirement Benefit Services Division, that the defendant's purchase of retirement benefits was voluntary rather than mandatory. The form instructs the recipient, "If you wish to complete this purchase (italics added), you must return this form by the date specified below." The defendant elected to repurchase his pension benefits retroactively.
In opening the prior court's November 24, 1999 decision, this court nullified that decision, and the rights of the parties were left as though no such judgment had ever been entered. State v. Phillips,166 Conn. 642 (1974), Paddock v. Paddock, 22 Conn. App. 367 (1990). The court therefore shall consider the defendant's motion de novo.
Section 46b-86 (a) of the Connecticut General Statutes governs the modification of an alimony order. Such order may be modified upon a showing of a substantial change in the circumstances of either party.Borkowski v. Borkowski, 228 Conn. 729 (1994). However, the party seeking such modification bears the burden of demonstrating such a change has occurred. Bunche v. Bunche, 180 Conn. 285 (1980). Courts have found that a defendant's inability to pay "does not automatically entitle a party to a decrease of an alimony order." Sanchione v. Sanchione, 173 Conn. 397
(1977). Such inability to pay must be excusable and not brought about by the defendant's own fault before a motion for modification may be granted. Wanatowicz v. Wanatowicz, 12 Conn. App. 616 (1987), Gleason v.Gleason, 16 Conn. App. 134 (1988). The term "fault" has been construed by the courts not only as "extravagance, neglect, misconduct or other unacceptable reason" Sanchione, infra. but as synonymous with the term CT Page 15335 "intention". Thus, in the matter of Turner v. Turner, 19 Conn.L.Rptr. No. 19, 629 (1997), the defendant filed a motion for a decrease in alimony due his first wife as, in the course of divorcing his second wife, he had agreed to turn over one-half of his pension to her. Although the defendant's intention to meet his continuing duty to support his second wife was not an "unacceptable reason", the court found it was a voluntary decision, equivalent to a voluntary reduction of income and thus, it did not constitute a substantial change of circumstance warranting a modification of alimony. See also Marshall v. Marshall,
13 Conn.L.Rptr. No. 20, 643 (1995). The court finds that the defendant voluntarily reduced his income through electing to purchase his benefits retroactively. Accordingly, the court denies the defendant's motion for modification on that basis.
The defendant testified that his condominium fees had increased, constituting an additional change in circumstances. However, his financial affidavit of November 12, 1999 indicates a fee of $38 per month, while the fee listed in his most recent financial affidavit is $38.85 per month. In addition, his mortgage payments have been reduced since the time of the trial. The increase in condominium fees is deminimus and does not constitute a substantial change in circumstance. The court denies the defendant's motion for modification on the basis of increased condominium fees.
Arrearage
As was stated above, the opening of a judgment leaves the parties in the position they occupied before such opening. The prior court ordered the defendant to pay a reduced amount of alimony beginning in January of 2000. As the defendant's motion to modify has been denied, matters stand as they did prior to the court's November 24, 1999 ruling. Accordingly, the defendant is in arrears to plaintiff in the sum of $104.00 per week for 48 weeks, for a total arrearage of $4,992.00. That amount shall be payable to the plaintiff by payment of the sum of $25.00 per week commencing immediately.
Attorney's fees
The plaintiff testified at the time of the hearing that her physical disability has worsened, requiring her to work part-time and that her annual salary has been reduced to $13,780.00 per year. She is currently in the process of filing for bankruptcy protection. Further, her rent has increased by more than $100 per month. As was found above, the defendant's financial position has not significantly altered since the court's last review. CT Page 15336
Whether to grant counsel fees in domestic relations cases is within the discretion of the court. Papa v. Papa,55 Conn. App. 645, [55 Conn. App. 47] (1998). Section46b-62 of the Connecticut General Statutes directs the court, in making its determination regarding attorney's fees, to consider the respective financial abilities of the parties to pay. A party should not be deterred from exercising legal rights due to a lack of funds. Dobozy v. Dobozy,241 Conn. 490 (1997). It is apparent that the plaintiff's ability to pay is sadly limited in her present circumstances. Therefore, I order the defendant to pay plaintiff's attorneys' fees in the amount of $1,755.42. Said amount reflects legal fees incurred subsequent to the granting of the Motion to Open Judgment.
By the Court,
John D. Brennan Judge Trial Referee