[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION FOR MODIFICATION POST JUDGMENT (DOCKET ENTRY NO. 111)
On September 10, 2001 the parties presented evidence concerning the defendant husband's Motion for Modification Post Judgment dated July 11, 2001.
Examination of the court file and evidence introduced at the court hearing reveals the following. The marriage of the parties was dissolved by judgment entered on January 24, 2001. The judgment provides that the CT Page 14123 defendant provide periodic alimony in the amount of $232 per week and child support for his two children in the amount of $282 per week. At the time of the judgment the defendant was a police sergeant employed by the City of Bridgeport.
In early July, 2001, the defendant was arrested and charged with a criminal offense involving domestic violence. Pursuant to Connecticut General Statute § 46b-38c, he applied for a pretrial diversionary program, the Family Violence Education Program.[1] During the twenty-six week duration of that program, and the consequent tolling of all criminal charges, the Bridgeport Police Department has suspended the defendant from his position with the department. Although he continues to receive his basic salary, the defendant is not eligible for any overtime. Although the defendant could not perform police functions, the suspension did not preclude his securing temporary employment in any other areas.
The defendant did not seek employment to supplement his income. He has spent at least three weeks of that time vacationing with relatives in Puerto Rico. His children did not accompany him.
The defendant now argues that his inability to accrue overtime pay is a significant change of circumstances that warrants a modification of his child support and alimony obligations.
A. Motion to Modify Alimony and Child Support
Connecticut General Statute § 46b-86 (a) provides in relevant part:
 [A]ny final order for the periodic payment of permanent alimony or support or an order for alimony or support pendente lite may at any time thereafter be continued, set aside, altered or modified by said court upon a showing of a substantial change in the circumstances of either party or upon a showing that the final order for child support substantially deviates from the child support guidelines established pursuant to section 46b-215a, unless there was a specific finding on the record that the application of the guidelines would be inequitable or inappropriate. There shall be a rebuttable presumption that any deviation of less than fifteen per cent from the child support guidelines is not substantial and any deviation of fifteen per cent or more from the guidelines is substantial.
The statutory prerequisites for modification of alimony and child support are clear. There must be a substantial change in circumstances. The defendant, the moving party, has the burden of "clearly and definitely" demonstrating that substantial change of circumstances.Richard v. Richard, 23 Conn. App. 58, 61, 579 A.2d 110 (1990). "That CT Page 14124 party must demonstrate that continued operation of the original order would be unfair or improper." Harlan v. Harlan, 5 Conn. App. 355, 357,496 A.2d 129 (1985).
The defendant has failed to establish that there is a substantial change in circumstances.[2] His argument is based on the fact that he has lost the ability to earn overtime. However, a claim of "inability to pay" does not automatically entitle a party to a decrease of an alimony order. It must be excusable and not brought about by the defendant's own fault. Sanchione v. Sanchione, 173 Conn. 397, 407, 378 A.2d 522 (1977); see also Gleason v. Gleason, 16 Conn. App. 134, 137, 546 A.2d 966
(1988).
The defendant's loss of overtime income is attributable solely to his participation in a criminal diversionary program. Although the defendant is statutorily eligible for that program, this court should not require his children to subsidize that choice. He cannot seek to enjoy the benefit of that program at the expense of his support obligation. Because the reduction in income is the result if a voluntary decision, the defendant's request must be denied.
Additionally, although participating in the family violence education program does require a few hours of weekly class participation, the defendant now has a tremendous amount of free time. With the hours available to him during the day, he continues to have an earning capacity. This is the amount which the defendant "can realistically be expected to earn considering such things as his vocational skills, employability, age and health." Bluer v. Bluer, 59 Conn. App. 167, 170, ___ A.2d ___ (2000) (citations omitted).
Here the defendant is relatively young, is in excellent health, and has significant skills. After the six month program is completed, if he is successful he will have a position as a police officer. Nothing in his lengthy suspension precluded temporary employment. He simply has chosen not to work. Although perhaps the defendant would prefer to utilize his free time visiting his geographically distant relatives,[3] he should not be allowed to shirk his responsibilities to his children. His claimed inability to supplement his income is inherently incredible.
The defendant has failed to meet his burden of establishing that the modification of support orders is warranted; therefore, the motion for modification is denied.
JULIA DICOCCO DEWEY, JUDGE