[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION FOR CONTEMPT (MOTION 102) AND MOTION FOR MODIFICATION POST JUDGMENT (MOTION 103)
On December 17, 2001 the parties presented evidence concerning the plaintiff husband's Motion for Modification[1] dated October 27, 2001 and the defendant wife's Motion for Contempt dated October 3, 2001.
 I. STATEMENT OF FACTS
Examination of the court file and evidence introduced at the court hearing reveals the following. The marriage of the parties was dissolved by judgment entered on February 9, 1998. The judgment included a stipulation by the parties that the plaintiff provide unallocated alimony and child support in the amount of $1,500 per month. At the time of the dissolution the plaintiff was the co-owner of a mortgage finance banking company. His financial affidavit listed a net weekly income of $640. Other than an automobile, the plaintiff did not list any assets in that affidavit.
The plaintiff alleged in his motion for modification that his mortgage company failed, causing his inability to earn the income necessary to pay his support obligation. However, at the modification hearing, the plaintiff testified that he walked away from the mortgage banking business, citing stress as a motivating factor. His decision to change careers was voluntary. He then entered a variety of careers, including construction.
Subsequent to the divorce, the plaintiff remarried. He and his current wife moved to Ludlow, Vermont, in order to reduce living expenses. There the plaintiff is a self-employed contractor.
The plaintiff's evidence can best be described as minimal. In support of his contention that he has had a reduction in income, the plaintiff CT Page 870 introduced a computer generated printout that purportedly lists all business and personal expenses. The document is highly suspect. For example, it omits leased automobiles and rental property ostensibly held in the name of his current wife.[2] He did not produce any bank or tax records, relying instead on unsubstantiated testimony. The court finds that testimony inherently suspect.
At the present time there is an arrearage in the support payments. Unfortunately, the defendant wife has not established the amount of the arrearage.
 II. LEGAL ANALYSIS
A. Motion to Modify Alimony and Child Support
Connecticut General Statutes 46b-86 (a) provides in relevant part:
 [A]ny final order for the periodic payment of permanent alimony or support or an order for alimony or support pendente lite may at any time thereafter be continued, set aside, altered or modified by said court upon a showing of a substantial change in the circumstances of either party or upon a showing that the final order for child support substantially deviates from the child support guidelines established pursuant to section 46b-215a, unless there was a specific finding on the record that the application of the guidelines would be inequitable or inappropriate. There shall be a rebuttable presumption that any deviation of less than fifteen per cent from the child support guidelines is not substantial and any deviation of fifteen per cent or more from the guidelines is substantial.
The statutory prerequisites for modification of alimony and child support are clear. There must be a substantial change in circumstances. The plaintiff, the moving party, has the burden of "clearly and definitely" demonstrating that substantial change of circumstances.Richard v. Richard, 23 Conn. App. 58, 61, 579 A.2d 110 (1990). "That party must demonstrate that continued operation of the original order would be unfair or improper." Harlan v. Harlan, 5 Conn. App. 355, 357,496 A.2d 129 (1985).
The plaintiff has failed to establish that there is a substantial change in circumstances.[3] His argument is based on the fact that he has lost the ability to earn income as a mortgage broker. However, a CT Page 871 claim of "inability to pay" does not automatically entitle a party to a decrease of an alimony order. It must be excusable and not brought about by the plaintiff's own fault. Sanchione v. Sanchione, 173 Conn. 397,407, 378 A.2d 522 (1977); see also Gleason v. Gleason, 16 Conn. App. 134,137, 546 A.2d 966 (1988)
Furthermore, in the present case, there is absolutely no reliable evidence of a changed financial status. The plaintiff's self-serving document unsupported by actual business records such as tax returns or cancelled checks hardly supports his rather broad contentions.[4]
Absent that essential, independent evidence, the court finds that the plaintiff continues to have the earning capacity to support the financial orders previously entered.
The plaintiff's purported loss of income is attributable solely to his voluntary changes in employment and residence. Although the plaintiff is entitled to change jobs and move to any location he desires, this court should not require his former wife and child to subsidize those choices. He cannot seek to enjoy the benefits of those changes at the expense of his support obligation. Because the reduction in income is the result of a voluntary decision, the plaintiff's request must be denied.
B. Motion for Contempt
Connecticut procedure authorizes motions for contempt, one of the few vehicles available to enforce compliance with court orders. The burden of establishing a prima facie showing of contempt, in this case the willful disobedience of a court order, falls upon the defendant.
In the present action, the defendant has established the existence of an order as well as the plaintiff's failure to comply with that order.[5]
There is sufficient, reliable evidence concerning each of these two factors. Thus, the contemptor, this plaintiff, must establish that he was unable to comply with the court order. Eldridge v. Eldridge, 244 Conn. 523,710 A.2d 757 (1998).
The Court recognizes that both parties proceeded pro se. Although courts allow pro se litigants some latitude, "the right of self-representation provides no attendant license not to comply with relevant rules of procedural . . . law." Russell v. Russell,61 Conn. App. 106, ___ A.2d ___ (2000) (Internal quotation marks omitted; Internal citations omitted).
Acknowledging the broad equitable powers of this court, ". . . a finding of indirect civil contempt must be established by sufficient proof that is premised upon competent evidence presented to the trial CT Page 872 court in accordance with the rules of procedure as in ordinary cases." (Citations omitted; internal quotation marks omitted.) Sgarellino v.Hightower, 13 Conn. App. 591, 595-96, 538 A.2d 1065 (1988). This the defendant has failed to do. In light of this evidentiary deficiency, the motion must be denied.
Orders shall enter on these motions as herein noted.
JULIA DICOCCO DEWEY, JUDGE