[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION TO MODIFY JUDGMENT
On December 20, 2001, the pro se defendant filed a motion to reopen and modify the dissolution judgment in the above-entitled matter. In his motion, the defendant requested that the court reduce the face amount of the life insurance that he was ordered to carry for the benefit of the plaintiff.
The plaintiff has filed an objection to this motion. A hearing was held before the court on January 9, 2002. At the conclusion of the hearing, both parties were afforded the opportunity to submit memoranda of fact and law. The plaintiff's brief was received on January 23, 2002 and the defendant's submission was filed on January 30, 2002.
The court has carefully considered the evidence introduced at hearing, and the oral and written arguments of both parties.
 FACTUAL FINDINGS
The parties' marriage was dissolved by the court (Cohen, STRJ) on February 3, 1995. The terms of the judgment were based on a written agreement that the plaintiff and the defendant executed and submitted to the court on February 3rd.
In the judgment, the court ordered the defendant to pay the plaintiff periodic alimony at the rate of $37,800.00 per year for a period of 12 1/2 years. The court, based upon the agreement of the parties, also issued the following order concerning life insurance:
"Defendant shall maintain a life insurance policy CT Page 2628 naming plaintiff as the irrevocable beneficiary under said policy as long as defendant has an alimony obligation. The amount that the defendant is required to encumber for plaintiff's benefit is $350,000.00. Upon request by the plaintiff, the defendant shall furnish to plaintiff within thirty days of her request a statement from the defendant's insurance carrier verifying that such coverage is in force, the amount of the death benefit and the name of the beneficiary. Defendant may not pledge or encumber in any manner the insurance policies funding this obligation. Should defendant fail to comply with the provisions herein, defendant's obligation shall survive his death and the amounts due plaintiff as provided herein shall be charged upon defendant's estate. The insurance proceeds provided in this article III to be paid to plaintiff shall be paid to plaintiff free and clear of any transfer, estate or inheritance taxes or income taxes, and defendant's estate shall pay and discharge any such estate, transfer, inheritance or income tax without any claim of reimbursement from the plaintiff."
The court's order, and the parties' written agreement, did not provide that the face amount of the life insurance could be reduced as the amount of the defendant's total alimony obligation decreased.
In his motion for modification, the defendant asserts that the face amount of the life insurance coverage which he is required to maintain should be prorated, based on the amount of his total alimony obligation at any given time.
At hearing, the defendant did not claim that there had been a substantial change in his financial circumstances since the date of judgment. Rather, the defendant claimed that as a result of the tragic events of September 11, 2001, he was concerned about his mortality, and the legacy which would be available to his current wife, and two children. He stated:
"What I find most disturbing is if I was to die tomorrow, all my life insurance would go to [the plaintiff]. My wife, Stephan, and Jessica, who are my two children, would have nothing. I believe as part of my legacy that I have a responsibility to leave to those who are my family something to help them go forward if I have no — if I am no longer part of CT Page 2629 their lives." (Transcript of January 9, 2001 hearing, p. 78).
Implicit in the defendant's argument is his contention that since his total alimony obligation has been reduced, this constitutes a substantial change in circumstances.
The defendant represented at hearing that his total outstanding alimony obligation is now approximately $136,000.00.
 DISCUSSION
As a threshold issue, this court must determine whether or not it has statutory authority to entertain the defendant's motion for modification.
"The court's power to modify is created by statute, and it must make its determination on the basis of statutory standards." (Internal citation omitted). Crowley v. Crowley, 46 Conn. App. 87, 98 (1997).
Conn. Gen. Stat. § 46b-86 (a) permits the court to modify final orders or judgments for the payment of periodic alimony and support, but excludes the modification of property assignment orders.
The plaintiff claims that the order in this case pertains to a property distribution, and, therefore, cannot be modified. In support of that position, the plaintiff cites the case of Crowley v. Crowley, supra. InCrowley, the court determined that an order in a dissolution judgment requiring the provision of a life insurance policy was an assignment of property and, hence, was not modifiable under Conn. Gen. Stat. § 46b-86
(a).
The defendant counters that the holding in Crowley does not apply to the facts of this case. He contends that the life insurance policies which he currently maintains to provide the required coverage were acquired after the dissolution and were not assets assigned or distributed by the trial court at the time of dissolution.
The defendant also argues that the face amount of the court-ordered coverage — $350,000.00 — approximates the total amount of his alimony payments, minus the taxes which would be assessed to the plaintiff on periodic alimony. The defendant contends that the life insurance coverage was intended to secure the alimony obligation if he were to die. Accordingly, it is his belief that the order is modifiable pursuant to Conn. Gen. Stat. § 46b-82. CT Page 2630
The parties' written agreement, and the court's judgment, do not specify whether the life insurance order was intended as a property assignment, or as a mechanism to secure the defendant's spousal support payments.
However, the order mandates that the defendant's obligation to maintain the life insurance was to continue ". . . as long as the defendant has an alimony obligation. " The court also finds, as the defendant has suggested, that the amount of the insurance coverage approximated the total amount of the defendant's anticipated alimony obligation, with allowances for tax considerations.
Conn. Gen. Stat. § 46b-82 grants the court authority to award alimony. That statute notes in relevant part that an alimony order "may direct that security be given therefore on such terms as the court may deem desirable, including an order to either party to contract with a third party for periodic payments or payments contingent on a life to the other party."
In Kraynak v. Kraynak, 1 Conn. Law Rptr. 143, 145 (1990), the court (Fuller, J.) dealt with the modifiability of life insurance orders in dissolution judgments. "Since the order is neither periodic alimony or support and not security for an alimony obligation, but rather an assignment of the estate of each of the parties to the other, it is not subject to modification under Section 46b-86, even if one of the parties showed a change in circumstances. Kraynak v. Kraynak, supra, 145.
Kraynak suggests that a life insurance order may be modifiable if the intent of the order was to guarantee payment of a spousal or child support obligation.
Here, the language of the order and the amount of the required insurance coverage persuade this court that the insurance provision was intended as security for payment of the defendant's alimony obligation, and was not a property distribution.
Accordingly, the court finds that the life insurance provision of the judgment may be subject to modification under Conn. Gen. Stat. § 46b-86
(a).
The court must next determine if the defendant has proven a substantial change in circumstances by a preponderance of the evidence. The burden of demonstrating a substantial change in circumstances rests with the moving party. Richard v. Richard, 23 Conn. App. 58, 62 (1990). "That party must demonstrate that continued operation of the original order would be unfair or improper." (Internal quotation marks and internal citations CT Page 2631 omitted). Richard v. Richard, supra, 62.
The agreement of the parties provided that the defendant would maintain $350,000.00 in life insurance coverage for the benefit of the plaintiff for ". . . as long as the defendant has an alimony obligation. " The court attaches significance to that language, and to the fact that the agreement and judgment do not contain any provisions for a reduction in the face amount of the coverage as the total spousal support obligation decreases.
It is clear from the language that both parties intended at the time of dissolution that the full amount of the life insurance coverage was to be maintained throughout the 12 1/2 year period that the defendant was obliged to pay alimony. The fact that the defendant has now paid a significant portion of his total alimony obligation does not constitute, in and of itself, a substantial change in circumstances.
Per the judgment, the defendant's alimony payments were to terminate at the end of 12 1/2 years from the date of dissolution, or earlier if the plaintiff remarried, or either party died.
The judgment also provided that the amount of alimony was non-modifiable, except upon the earlier occurrence of any one of nine events specified in the judgment. The judgment provided that alimony could be modified if the defendant experienced an involuntary termination of employment. It also provided that modification could be sought upon "defendant's re-employment, either after termination of employment or after involuntary retirement."
That particular provision recognizes the possibility that the plaintiff's obligation to pay alimony of $37,800.00 per annum could be decreased or increased after termination or voluntary retirement, if there was a substantial change in the amount of income which the defendant received from his new employment.
Since the language of the judgment leaves open the door for an increase in the amount of the defendant's alimony payments during the 12 1/2 year term, a modification granting an automatic pro rata decrease based on spousal support paid to date would seem to contradict the intent of the judgment that the life insurance secure the plaintiff's full alimony obligation.
Although the court received the parties' financial affidavits on January 9, 2002, the defendant indicated that his motion for modification was not based on a substantial change in his financial circumstances. The court did not receive evidence during the hearing about the defendant's CT Page 2632 present ability to obtain other coverage for his children and his spouse, or the potential cost to the defendant for this additional insurance. No evidence was provided concerning the financial burden, if any, which the defendant would experience if he maintained the existing court ordered coverage for the plaintiff, while also securing additional life insurance for the benefit of his wife and children.
The defendant's desire to provide for the financial security of his other family members is certainly understandable. But it does not constitute a substantial change in the circumstances of either party. Furthermore, the defendant has not demonstrated that he would be financially or otherwise unable to obtain additional coverage, while still complying with the life insurance order of the dissolution judgment. The court finds that the defendant has not demonstrated that continued operation of that order would be either unfair or improper. The court also finds that the defendant has not proven a substantial change in the circumstances of either party.
Accordingly, the defendant's motion to reopen and modify the judgment is DENIED.
In her objection dated January 9, 2002, the plaintiff requested an award of counsel fees in conjunction with her defense of the plaintiff's motion. The plaintiff's counsel indicated at hearing that her hourly rate was $180.00 per hour and that she had expended approximately 12.55 hours for preparation and court time through the January 9th hearing.
In conjunction with her post-judgment memorandum, plaintiff's counsel submitted an affidavit with respect to total attorney's fees. The affidavit indicated that counsel had expended a total of 24.8 hours, for fees of $4,464.00. The plaintiff also seeks to recoup a fee of $107.59 for a transcript. Accordingly, the plaintiff's total claim for attorney's fees and legal costs in this matter is $4,571.59.
The defendant objects to any award of counsel fees to the plaintiff.
The court does not find that the defendant's motion to modify was made in bad faith.
However, the court has reviewed the financial affidavits submitted by each of the parties on January 9, 2002. The plaintiff's financial affidavit reflects net weekly income of $688.66 and net weekly expenses of $1,069.64. At hearing the defendant submitted two financial affidavits. The defendant claims in his January 8, 2002 affidavit that he will receive net weekly wages of $1,384.00, and has total expenses of $1,555.00 per week.[1] In his January 7, 2002 affidavit, the defendant CT Page 2633 listed net weekly wages of $1,977.00 with expenses of $1,555.00. The order below is based on the January 7th financial affidavit.
Having considered all of the evidence and equities in this case, and the parties' financial affidavits, the court finds that it would undermine the financial orders set forth in the original judgment if the plaintiff were required to assume the full cost of her legal fees in this matter. Therefore, the court orders that the defendant shall pay to the plaintiff, as a contribution toward her legal fees, the sum of $1,800.00 within four months of the date hereof.
SO ORDERED,
Dyer, J.