[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION FOR MODIFICATION POST-JUDGMENT (JUNE 26, 2002) POST-JUDGMENT MOTION FOR ORDER (JULY 3, 2002)
After a contested trial, on January 24, 1992, the trial court, Ballen, J., entered an order dissolving the marriage of these litigants. At the time of the dissolution, the defendant was a major in the Army National Guard Reserve Program. The trial court ordered that the defendant pay the plaintiff "periodic alimony in the amount of $150.00 . . . for the period of twelve years . . ." The judgment also included provisions for property division.[1]
In February 1995, the Department of Defense notified the defendant that his National Guard pension had vested. The defendant could begin to receive his pension at age sixty. Subsequently, the defendant earned a series of promotions. He ultimately attained the rank of Colonel. As a result, the defendant was eligible to extend his participation in the Active Guard. This in turn entitled the defendant to retire from the military after twenty years of active duty. Consequently, in November 1999 the defendant began receiving a military pension in the amount of $858.00 per week.[2]
In August 2001 the plaintiff filed a Motion for Clarification wherein she sought an order establishing the amount and duration of monthly payments awarded in the dissolution proceedings. She simultaneously filed a Motion for Contempt alleging that the defendant "has received money, pursuant to his military pension, with full knowledge that the plaintiff has not received any money . . ." Finally, in October 2001 the plaintiff filed a Post-Judgment Motion to Modify. Therein she argued that there has been a substantial change of circumstances in that the defendant received a retirement pension that was not fully contemplated at the time of the dissolution. She also suggested that there has been a significant increase in the defendant's income.[3] By memorandum of decision dated May 28, 2002 this court granted the motions for clarification and contempt but denied the motion for modification. Thereafter, the CT Page 13232 defendant filed the instant motion wherein he alleges (1) that the plaintiffs net income has increased; (2) that as a result of his retirement his net income has decreased; (3) that as a result of this court's order, he now must deliver a portion of his retirement pension to the plaintiff; (4) that he is responsible for a $7,000 debt to the plaintiff as a result of this court's prior orders.
At a hearing held in 2002, the defendant presented evidence that he retired from the military at age fifty-two. Although he has attempted to secure a fulltime position, he has not been successful. As a consequence, since the date of his retirement from the military, his income has decreased.[4] Additionally, his stock portfolio has decreased.
All of this information was available prior to this court's ruling on the plaintiffs October 2001 Motion to Modify.
I. LEGAL ANALYSIS
A. Motion to Modify
Connecticut General Statutes 46b-86 (a) provides in relevant part:
 [A]ny final order for the periodic payment of permanent alimony or support or an order for alimony or support pendente lite may at any time thereafter be continued, set aside, altered or modified by said court upon a showing of a substantial change in the circumstances of either party . . . There shall be a rebuttable presumption that any deviation of less than fifteen per cent from the child support guidelines is not substantial and any deviation of fifteen per cent or more from the guidelines is substantial.
The statutory prerequisites for modification of alimony are clear. There must be a substantial change in circumstances. The defendant, the moving party, has the burden of "clearly and definitely" demonstrating that substantial change of circumstances. Richard v. Richard,23 Conn. App. 58, 61, 579 A.2d 110 (1990). "That party must demonstrate that continued operation of the original order would be unfair or improper." Harlan v. Harlan, 5 Conn. App. 355, 357, 496 A.2d 129 (1985).
Furthermore, "a party seeking modification of financial orders incident to a marital judgment must clearly and definitely establish an CT Page 13233 uncontemplated substantial change of the circumstances of either party which demonstrates that continuation of the prior order would be unfair and improper. Gleason v. Gleason, 16 Conn. App. 134. 136, 546 A.2d 966
(1988) (citations omitted). This unforeseen substantial change must have occurred after the date of the last operative order. Gleason,16 Conn. App. at 137.
The defendant in the present case has produced no evidence that his income has decreased since the date of the dissolution. Indeed, his net income has increased. Nor is there any evidence that his net income changed since the date of the last modification request. He may be making less money now than he received during his last year in the military, but that fact does not warrant a modification of existing orders.
This should end the court's inquiry. Nevertheless, this court notes that the defendant's alleged inability to pay "does not automatically entitle a party to a decrease of an alimony order." Sanchione v.Sanchione, 173 Conn. 397, 407, 378 A.2d 522 (1977). Such inability to pay must be excusable and not brought about by the defendant's own fault.Gleason v. Gleason, 16 Conn. App. at 136-37.
The term fault includes not only extravagance, neglect and misconduct but also intentional conduct. All voluntary decisions must be scrutinized. Such analysis is especially appropriate when an obligor has taken voluntary early retirement. Paddock v. Paddock, 22 Conn. App. 367,371, 577 A.2d 1087 (1990). Early retirement when an individual is capable of earning an income does not justify an automatic modification in alimony payments. See Marshall v. Marshall, 13 Conn.L.Rep. 642 (FA 81 25044) (Apr. 6, 1995) (Sferazza, J.) (defendant, a fifty-six year old employee, accepted early retirement from Pratt Whitney rather than face the prospect of termination).
In the present case, the defendant's change of circumstances was neither unintended nor unanticipated. At the time of the initial dissolution, the defendant was aware of his age and the possibility of early retirement.[5] He actively pursued his promotions and subsequent early retirement. Throughout this time, he was aware of his alimony obligation.
The defendant suggests that his net income is decreased as a result of this court's May 2002 orders and argues that this decrease warrants modification. He ignores the fact that this court ordered the defendant to deliver property he improperly withheld from the plaintiff. This is not a change of circumstances. This is the effectuation of a previously ordered property distribution.[6] The fact that the plaintiff is now CT Page 13234 receiving her own property is not a basis for modification of the defendant's obligation.
This is not a situation wherein an individual has worked until a standard retirement age, or a case wherein an individual's health mandates a drastic change in lifestyle. Nor has there been a long period between the last court order and the present request for modification.
This court has considered the prior financial orders. They provided a clear and unequivocal requirement that the defendant pay a set amount of alimony. There was a specific time limit. This court has also weighed all other operative variables presented by the parties. They include the parties' earning capacity, the degree to which the parties' continued state of unemployment was voluntary and the lifestyle maintained by each litigant. In the present case, earning capacity, not actual earnings, is the critical factor. Lucy v. Lucy, 183 Conn. at 234. Merely failing to obtain employment does not completely diminish an individual's capacity to earn income from gainful employment. Failing to look for employment or choosing to receive a military pension at an early age certainly does not alter that capacity. The defendant chose to reduce his income. That decision cannot be at the expense of the plaintiff.
The amount set forth in the original dissolution, a small portion of the defendant's income, is a reasonable and equitable amount of alimony in the present case. The motion to modify is therefore denied.
The request for an order establishing arrearage and a payment schedule is granted. The defendant improperly withheld the plaintiffs portion of military retirement payments in the amount of $7,882.37. The defendant is ordered to pay $100 per month until the entire debt has been paid.
Connecticut General Statutes § 46b-87 provides that once contempt for failure to comply with orders has been found in a family matter, the court may sanction a noncomplying party through the award of attorney fees. See Eldridge v. Eldridge, 244 Conn. 523, 534, 710 A.2d 757 (1998).
In considering whether to award attorney's fees in this matter, this court has reviewed the evidence relating to all the motions that were the subject of this hearing, including the parties' financial affidavits and other evidence relating to actual income and earning capacity. In light of the foregoing, the requests for attorney's fees and costs are denied.
Orders shall enter on these motions as herein noted.
JULIA DICOCCO DEWEY, JUDGE CT Page 13235