[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION MOTION FOR MODIFICATION (MOTION 124)
The matter before this Court is the defendant husband's Motion forModification dated January 19, 1999.
Examination of the court file and evidence introduced at the court hearing reveals the following. In December 1988 the trial court dissolved the subject marriage. That judgment was reduced to writing by a January 18, 1989, agreement between the parties that contained the following provision:
 Theodore P. Knecht will irrevocably assign insurance policies with Great American to Clarice M. Knecht for her life, which policies will produce for her monthly by way of alimony the sum of $4,333.33 or $52,000 per year.[1]
On January 24, 1996, the original judgement was "modified."[2] That order included the following language:
Pursuant to the stipulation of the parties and by Order of this Court, the judgement entered on this matter on December 21, 1988 [sic] . . . IS HEREBY MODIFIED . . .
 1. With respect to the defendant's life insurance and/or annuity policies with the Great American Life Insurance Company . . . the defendant, acting individually on his own or through a third party under a Power of Attorney, shall have the right to surrender said policies (or otherwise withdraw funds therefrom in any manner acceptable to the great American Life Insurance Company) and the proceeds resulting from such surrender or withdrawal shall be sent to the defendant's current wife, Leila Knecht, at such time CT Page 509 and such address as she shall specify from time to time, to be held in trust by her and to be used by her to pay the plaintiffs alimony . . .
 The parties' entering into this stipulation shall not in any way be construed as a substantive modification of the defendant's alimony obligation under said Judgment.
Thereafter, the defendant filed the instant motion.[3]
It was the plaintiffs understanding that after the January 1996 modification, Leila Knecht, the defendant's current wife and the individual in control of his assets, would be the person responsible for the delivery of future alimony payments. The plaintiff received the required alimony payments from Leila Knecht until June 1998. Thereafter, payments ceased entirely.
There is little evidence concerning the defendant's current situation. It has been years since the plaintiff communicated with either her ex-husband or his current wife. There were never any discussions concerning his health or financial status. More likely than not, he resides in a nursing home. Although the defendant probably has a conservator, there is no evidence concerning the basis for this appointment or his present capacity.[4]
The plaintiffs evidence can best be described as minimal. In support of this motion, counsel offered a financial affidavit signed by a Deborah Barfield, allegedly defendant's guardian. Unfortunately, she is not a party to these proceedings.
Connecticut General Statutes 46b-86 (a) provides in relevant part:
 [A]ny final order for the periodic payment of permanent alimony . . . may at any time thereafter be continued, set aside, altered or modified by said court upon a showing of a substantial change in the circumstances of either party . . .
The statutory prerequisites for modification of alimony and child support are clear. There must be a substantial change in circumstances. The defendant, the moving party, has the burden of "clearly and definitely" demonstrating that substantial change of circumstances.Richard v. Richard, 23 Conn. App. 58, 61, 579 A.2d 110 (1990). "That party must demonstrate that continued operation of the original order CT Page 510 would be unfair or improper." Harlan v. Harlan, 5 Conn. App. 355, 357,496 A.2d 129 (1985).
The defendant has failed to establish that there is a substantial change in circumstances.[5] There is absolutely no reliable evidence of a changed financial status. Absent that essential independent evidence, the court finds that the defendant continues to have the capacity to support the financial orders previously entered. The Great American Insurance Company policies are still "irrevocably" assigned to the plaintiff for purposes of producing "for her monthly by way of alimony the sum of $4,333.33 or $52,000 per year."
The motion for modification is denied. Orders shall enter on this motion as herein noted.
 ___________________ JULIA DICOCCO DEWEY, JUDGE