[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION MOTION TO MODIFY CHILD SUPPORT (MOTION 117) MOTION FOR CONTEMPT AND COUNSEL FEES (MOTION 118) MOTION FOR WAGE EXECUTION (POST JUDGMENT) (MOTION 119)
The matter before this Court is the plaintiffs Post Judgment Motion to Modify Child Support, a Motion for Contempt and a Motion for Wage Execution, all dated July 16, 2002. Examination of the court file reveals the following.
The plaintiff and defendant had a brief relationship prior to the birth of Blair Daniel Cohen. By judgment dated October 21, 1994, these parties entered into an agreement wherein the defendant acknowledged the paternity of the child. He agreed to pay child support in the amount of $200 per week retroactive to December 1, 1993. The trial court accepted the agreement and incorporated it in the final judgment.
Since the date of the order, rather than pay $200 per week the defendant has paid $800 per month. This resulted in a difference of $66 per month, a total shortfall of $5,610. The plaintiff was not aware of this discrepancy until she applied for financial aid from the child's private school. She admitted that the error was a mutual mistake rather than an intentional underpayment.
At the time of the original court order the plaintiff lived in Westport, the defendant in Monroe. The plaintiff, who has an MBA in marketing, worked at the United States Surgical Corporation as Senior Director of laproscopic marketing. Her net annual salary was approximately $95,000. For reasons not established at the instant hearing, the plaintiff left her position at U.S. Surgical and moved from Connecticut.[1] Since the date of the original order, the plaintiff has remarried and relocated to a suburb of Atlanta, Georgia.
At the present time the plaintiff works from her home as a consultant for Surgicon, Inc., a company based in Stratford, Connecticut, a position CT Page 977 in which she earns a net yearly income of approximately $53,000. Although she has an MBA and can market items other than hospital equipment, she has limited herself to the field of surgical marketing. Additionally, she has restricted her employment search to the Atlanta area.[2]
Since the original court order, the defendant has advanced in his profession, a real estate executive. His salary has increased from a net income of $53,000 to approximately $126,000 per year.
Although the defendant maintains a room for the child in his present home, the plaintiffs multiple relocations severely limited this father's contact with his child. He has telephone conversations, a visit during Christmas vacation, a six-week summer visit and contact whenever the defendant visits the Atlanta area. The defendant is responsible for all travel expenses. He does not suspend child support payments while Blair is with him.
Blair Cohen attends Davis Academy, a private religious school on the Atlanta area. The plaintiff pays all of the $11,000 annual tuition. The plaintiff claimed that the school is necessary because of the horrible educational system in the Atlanta area. She also testified that the child suffers from an attention deficit disorder. Neither assertion was established by competent evidence. This court finds that the reason the plaintiff chose the Davis Academy was, in plaintiffs own words, "He's where all my friends send their kids."
Turning to the motion to modify, Connecticut General Statutes 46b-86
(a) provides in relevant part:
 . . . [A]ny final order for the periodic payment of permanent alimony or support may at any time thereafter be continued, set aside, altered or modified by said court upon a showing of a substantial change in the circumstances of either party or upon a showing that the final order for child support substantially deviates from the child support guidelines . . .[3]
The statutory prerequisites for modification of alimony and child support are clear. There must be a substantial change in circumstances. The plaintiff, the moving party, has the burden of "clearly and definitely" demonstrating that substantial change of circumstances.Richard v. Richard, 23 Conn. App. 58, 61, 579 A.2d 110 (1990). "That party must demonstrate that continued operation of the original order would be unfair or improper." Harlan v. Harlan, 5 Conn. App. 355, 357,496 A.2d 129 (1985). CT Page 978
The plaintiff has failed to establish that there is a substantial change in circumstances that warrants a modification. Her argument is based on the fact that she has lost the ability to generate the same income as she had in Connecticut while the defendant's income has increased. Turning to the decrease in the plaintiffs income, it must be excusable and not brought about by the plaintiffs own fault. Sanchionev. Sanchione, 173 Conn. 397, 407, 378 A.2d 522 (1977); see also Gleasonv. Gleason, 16 Conn. App. 134, 137, 546 A.2d 966 (1988).
Furthermore, "a party seeking modification of financial orders . . . must clearly and definitely establish an uncontemplated substantial change of the circumstances of either party which demonstrates that continuation of the prior order would be unfair and improper. Gleason,16 Conn. App. at 136 (citations omitted). Such an uncontemplated substantial change must have occurred after the date of the original order. Gleason,16 Conn. App. at 137.
In the present case, earning capacity, not actual earnings, is the critical factor. Lucy v. Lucy, 183 Conn. 230, 234 (1981). Although the plaintiff could, by her own admission, secure employment in other areas of the country, she chooses to remain in Atlanta. Merely failing to obtain employment does not completely diminish an individual's capacity to earn income from gainful employment. Failing to look for employment certainly does not alter that capacity.
In this case it is particularly appropriate to base the child support determination on earning capacity where there is evidence that the plaintiff has avoided obtaining employment in her field. Hart v. Hart,19 Conn. App. 91, 95, 561 A.2d 151, cert. denied, 212 Conn. 813,565 A.2d 534 (1989). The plaintiffs continued unemployment is as a result of her changed priorities, especially her marriage.
When determining whether a change warrants a modification of child support, this court must consider a variety of elements. The central determining factor is the last modification itself. The court has also weighed all other operative variables presented by the parties. They include the parties' earning capacity, the degree to which the plaintiffs continued state of unemployment is voluntary and the lifestyle maintained by the parties. Taking into account all relevant factors, the plaintiffs request for modification of child support must be denied.
Through her motion for contempt, the plaintiff has asked the court to find that the defendant willfully violated the original judgment when he paid $800 per month rather than $200 per week for child support. CT Page 979
Connecticut procedure authorizes motions for contempt, one of the few vehicles available to enforce compliance with court orders. The burden of establishing a prima facie showing of contempt, in this case the willful disobedience of a court order, falls upon the plaintiff.
In the present action, the plaintiff has established the existence of an order. She has failed to prove that the defendant willfully failed to comply with that order. Indeed, the admitted that there was an unintentional mutual mistake.
Acknowledging the broad equitable powers of this court, ". . . a finding of indirect civil contempt must be established by sufficient proof that is premised upon competent evidence presented to the trial court in accordance with the rules of procedure as in ordinary cases." (Citations omitted; internal quotation marks omitted.) Sgarellino v.Hightower, 13 Conn. App. 591, 595-96, 538 A.2d 1065 (1988). This the plaintiff has failed to do. Although the defendant owes the plaintiff the differential, the motion as presented must be denied. To assure future compliance with the existing court order, a wage execution shall enter immediately.
Orders shall enter on these motions as herein noted.
 ___________________ JULIA DICOCCO DEWEY, JUDGE