[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION FOR MODIFICATION AND MOTION FOR CONTEMPT
Pursuant to Connecticut General Statutes 46b-86 (a)[1] and Connecticut Practice Book Section 25-27,[2] this court heard evidence concerning the defendant husband's December 16, 2002 Motion for Modification and the plaintiff wife's February 6, 2003 Motion for Contempt. The plaintiff alleges that the defendant has failed to pay over $9,000 in child support since June 30, 2001.
Examination of the court file reveals the following. On October 2, 2000, a trial court, Cutsumpas, J., entered an order dissolving this marriage. Separate counsel represented each party. At the time of the dissolution, the defendant, then a security guard, had a net weekly wage of $230.39. The plaintiff, a medical technician, had a net weekly income of $448.41.
Pursuant to their agreement, the trial court ordered the defendant to pay weekly child support in the amount of $62.00.
In February 2001 the defendant secured a position with the Silicon Valley Group. The plaintiff immediately filed a motion to modify child support. On June 16, 2001, the trial court, Brennan, J., granted plaintiff's motion. The court ordered the defendant to pay child support in the amount of $110.54 per week. The court also ordered the defendant to contribute to medical expenses, insurance premiums and day care costs.[3]
The defendant lost his position with the Silicon Valley Group in November 2001. Despite an extensive job search, he could not find a similar position. In December 2002 he filed the instant motion to modify wherein he claimed that as a result of his unemployment he could not afford to pay the court-ordered child support. After several court appearances, the plaintiff filed the instant motion for contempt. From the date of the dissolution until the date he was terminated from the Silicon CT Page 4133 Valley Group, the defendant paid his child support obligation. He failed to make any payments from the date of the termination to the date of this hearing. As of February 2003, his payments were $9,923.11 in arrears.
Vladimir Petrov was educated in Russia where he attended the Institute of Business and Economy for four years. He has a college degree in economics. Before he immigrated, the defendant worked as a radio and electronic equipment technician in a military plant. When he worked at the Silicon Valley Group, the defendant utilized his skills as an optical technician familiar with electronics and lasers.
After an unsuccessful attempt to secure employment in his field of expertise, the defendant accepted a position in Bridgeport as a substitute teacher. He earns seventy dollars a day when there is a position available. He can only teach on days when school is in session. He does not receive any benefits. Because he does not have a teaching certificate, the defendant cannot secure a permanent position. In weeks before the present hearing the husband's net weekly pay was $166.
The statutory prerequisites for modification of child support are clear. There must be a substantial change in circumstances. The defendant, the moving party, has the burden of "clearly and definitely" demonstrating that substantial change of circumstances. Richard v.Richard, 23 Conn. App. 58, 61, 579 A.2d 110 (1990). "That party must demonstrate that continued operation of the original order would be unfair or improper." Harlan v. Harlan, 5 Conn. App. 355, 357, 496 A.2d 129
(1985).
Furthermore, "a party seeking modification of financial orders incident to a marital judgment must clearly and definitely establish an uncontemplated substantial change of the circumstances of either party which demonstrates that continuation of the prior order would be unfair and improper. Gleason v. Gleason, 16 Conn. App. 134, 136, 546 A.2d 966
(1988) (citations omitted). This unforeseen substantial change must have occurred after the date of the last operative order. Gleason,16 Conn. App. at 137.
The defendant in the present case has produced clear and convincing evidence that his income has decreased since the date of the last modification. He became unemployed. Although he subsequently secured a position as a substitute teacher, he still earns substantially less than he earned at the time of the last modification hearing.[4] Indeed his income is less than that he received at the time of the dissolution.
This should end the court's inquiry. Nevertheless, this court notes CT Page 4134 that the defendant's alleged inability to pay "does not automatically entitle a party to a decrease of an alimony order." Sanchione v.Sanchione, 173 Conn. 397, 407, 378 A.2d 522 (1977). Such inability to pay must be excusable and not brought about by the defendant's own fault.Gleason v. Gleason, 16 Conn. App. at 136-37.
The term fault includes not only extravagance, neglect and misconduct but also intentional conduct. All voluntary decisions must be scrutinized. In the present case, the defendant's change of circumstances was neither intended nor anticipated.
This court has considered the prior financial orders. This court has also weighed all other operative variables presented by the parties. They include the parties' earning capacity, the degree to which the parties' continued state of unemployment was voluntary and the lifestyle maintained by each litigant. The court must note that during the bulk of time since the initiation of the dissolution action, the defendant was either unemployed or worked at minimum wage positions. When his income increased, he was responsible for additional child support. With the decrease of income the converse is true. The defendant's foreign education does not guarantee employment in this country. The motion to modify is granted. The defendant is ordered to pay child support in the amount of $54 per week, an amount in accordance with the child support guidelines. Furthermore, the defendant is ordered to pay 21% of all unreimbursed medical expenses and day care costs.
Through her motion for contempt, the plaintiff has asked the court to find that the defendant willfully violated the original judgment when he failed to pay child support from November 2001 to January 2003.
Connecticut procedure authorizes motions for contempt, one of the few vehicles available to enforce compliance with court orders. The burden of establishing a prima facie showing of contempt, in this case the willful disobedience of a court order, falls upon the plaintiff.
In the present action, the plaintiff has established the existence of an order. She has failed to prove that the defendant willfully failed to comply with that order. "Noncompliance alone will not support a judgment of contempt." Bowers v. Bowers, 61 Conn. App. 75, 81, 762 A.2d 515
(2000), cert. granted on other grounds, 255 Conn. 939, 767 A.2d 1211
(2001). Here there is an adequate factual basis to explain the defendant's failure to comply with the court order. See Sablosky v.Sablosky, 258 Conn. 713, 718, 784 A.2d 890 (2001).
Acknowledging the broad equitable powers of this court, ". . . a CT Page 4135 finding of indirect civil contempt must be established by sufficient proof that is premised upon competent evidence presented to the trial court in accordance with the rules of procedure as in ordinary cases." (Citations omitted; internal quotation marks omitted.) Sgarellino v.Hightower, 13 Conn. App. 591, 595-96, 538 A.2d 1065 (1988). This the plaintiff has failed to do. Although the defendant owes the plaintiff the differential, the motion as presented must be denied.
Orders shall enter on these motions as herein noted.
JULIA DiCOCCO DEWEY, JUDGE